*562
 
 Denio, J.
 

 I am of opinion that the affidavits of the plaintiff and of Abraham Hees were sufficient to give the magistrate jurisdiction of the proceeding. The plaintiff’s affidavit, describing the land, alleges that it has been sold on execution against Snell, and that the title has been perfected in the deponent by the execution and the delivery of the sheriff’s deed, which is annexed and delivered to the magistrate with the affidavit. The demand of possession was sufficiently proved by the affidavit of Hees. These are all the matters required to be shown by the applicant; and unless the deed annexed to the plaintiff’s affidavit discloses some imperfection in the sale, or the redemption under which the plaintiff acquired his right to have his deed executed to him, jurisdiction was conferred on the magistrate.
 
 (2 R. S., 512,
 
 §
 
 28.)
 
 As Cook’s bid was much larger than the amount due on the execution, and there was, so far as appears, no other lien subsequent to the plaintiff’s judgment, there was no person to whom to pay the balance of the sum bid except the judgment debtor, and it was accordingly paid to him. This circumstance is unnecessarily recited in the deed; but as it was not wrong in itself, it does not prejudice the title of the purchaser. But the deed also recites that the plaintiff, in order to acquire the title of the purchaser, paid the full amount which the latter had bid, with interest thereon. This was all which it was necessary to say upon that subject; but the deed goes on to recite that, after the redemption so made, the plaintiff then and there gave notice to the sheriff not to pay over to Cook any more of the money which he had paid than the amount of the judgment and expenses, which were satisfied by the sale. This notice did not qualify the effect of the act done prior to its being given. It did pot prevent the sheriff from doing with the money what it would have been lawful for him to do if it had not been given, nor did it prejudice the rights of any party who was entitled to the .money. It was impertinent matter to
 
 *563
 
 be put into the deed, but did not impair its effect. The affidavits and the deed, therefore, presented a case for the exercise of the jurisdiction of the justice under the statute.
 

 Another objection taken to the agreement signed by the defendants, upon which this action is brought, is, that no case had arisen upon which it was proper to require such an undertaking to be given on behalf of Snell. If the judges of the Supreme Court are right in the construction they put upon the statute, the pretended appeal was of no effect; and in that case I do not see that there was any legal con sideration for the undertaking. That court is of the opinion that none of the provisions of the statute, from sections thirty-four to forty-two inclusive, being those which provide for making up an issue, and for the trial of such issue, nor the sections added by the act of 1849, which authorize an appeal from a judgment in such cases, apply where the application, like the one in this case, was under the fourth subdivision of the twenty-eighth section of the statute, by a person who had acquired title under a sale or execution against the judgment debtor or his assigns who hold over. Upon a careful examination of the statute, I cannot agree with the Supreme Court. A person thus holding over is not, it is true, in any ordinary sense a tenant, though he may be called such for some technical purposes; nor is the person who purchased on the execution, or a party who has acquired his title, in any proper sense a landlord. But it was quite competent for the legislature to give parties thus circumstanced some of the rights, duties and liabilities which they conferred upon landlords and tenants, and I think that has been attempted in this statute. The language is not very coherent, but the intention is not difficult to be ascertained. The statute literally reads, that “ any tenant,” &c., “ may be removed,” &c.,
 
 “
 
 where any person shall hold over or continue in possession of any real estate which shall have been Sold by virtue of an execution,” &c. (§28.) The expres
 
 *564
 
 sions are not happily chosen, but the meaning very clearl} is, that in all the cases mentioned in this as well as the other subdivisions the party referred to may be removed. The Supreme Court understood the statute as I do thus far, for they concede that Snell was liable to be removed under this section, if the plaintiff had a good title under the sale or execution. Nor is it denied that the sections which follow, down to section thirty-three inclusive, providing for the complaint, summons and service, apply to parties holding the relations which Snell and the plaintiff did. That this :s so is perfectly apparent, not only from the general scope of the provisions, but from a particular direction in the thirty-first section to the effect that -if the application be against a person holding over land sold on execution, it must be shown that possession has been demanded. Now, in these provisions, which confessedly apply to the case of land sold on execution, the applicant is called the landlord, and the person proceeded against the tenant.
 
 (See particularly, %
 
 29.) We have then this position established, that the legislature has, in this statute, applied these designations to persons holding the relations of judgment debtor in possession, and the purchaser of his land on execution, without discriminating between such parties and those who are properly landlords and tenants. This, method of reading the law should, I think, be carried through the statute, where a different intention is not indicated; but the Supreme Court stops at the end of section thirty-three, and reads the following nine sections, which provide for an issue, to be formed by means of a denial on oath by the party proceeded against of the facts complained of, and for the trial of that issue, as though they were confined to the case of landlords and tenants, properly so called, and did not at all apply to parties in the situation of Snell and the plaintiff. The same kind of phraseology is kept up in these sections as in those which precede them. Thus, the party who may make the affidavit of denial is any person in possession 0/
 
 *565
 
 demised premises. (§34.) The verdict, in case the applicant prevails, is spoken of as one “ in favor of the lessor or landlord.” (§ 39.) I can perceive no reason for accommodating the language of the act, in the sections which relate to bringing the parties before the magistrate, which does not apply just as well to the subsequent proceedings. On the contrary, there is a stronger reason for such accommodation in these sections, for if the judgment debtor, when thus proceeded against, cannot deny the facts upon which the summons was issued, according to section thirty-four, or have a trial pursuant to the following sections, he must be turned out of possession by a proceeding wholly
 
 ex parte,
 
 unless he can swear that he claims the possession by virtue of a title acquired after the sale on execution, or as a guardian or trustee for some other person, according to section forty-six. Therefore, in general, the
 
 ex parte
 
 showing of the complainant would be conclusive; and we have a case where a party is liable to be removed from his own house or farm upon an affidavit made in his absence, and which he is not by law permitted to deny, or allowed to controvert in any way.
 
 'A
 
 result so little in accordance with the usual policy of the law, and so manifestly inconvenient and unjust, should not be imputed to the statute unless the language is very positive and express. So far from being so in this case, I am unable to find any words which declare or even imply that the sections relating to the issue and to the trial are not as applicable to proceedings under the fourth subdivision, as to those under the other divisions of the section. The provisions which enable a party, proceeded against for holding over after a sale on execution, to stay the proceedings in two or three special cases, are founded on particular reasons, which do not apply where the relation of landlord and tenant by convention exists. A tenant, properly so called, is not allowed, except under special circumstances, to controvert the landlord’s title, but one whose land has been sold on execution is not estopped from purchasing a paramount
 
 *566
 
 right. It was to preserve this right, and to prevent a guardian or trustee from being turned out, to the prejudice of the beneficiaries, that the forty-sixth section was inserted. It is not a substitute for the general right given to the parties proceeded against to controvert the complaint, but an additional privilege conferred upon one of the classes of persons subject to the remedy, upon exceptional grounds.
 

 As Snell, therefore, had a right to deny the facts stated in the complaint, or any of them, and as he did deny some of them, and there was a trial and a judgment against him, the case was a suitable one for an appeal under the amended act of 1849, and for an undertaking such as was executed by the defendant in this case.
 
 (Laws of
 
 1849,
 
 292, §
 
 5.)
 

 There is the same necessity for accommodating the language of the second of the sections added by the act of 1849, to make it apply to a proceeding under the fourth subdivision, as in the original act. The undertaking is to be given in the case of an appeal by the tenant. If the words had been “ a tenant,” there would have been ground for limiting it to the case of a strict tenant, and for a distinction between the fourth and the other subdivisions. As it stands, I think the word “tenant” here is synonymous with the party proceeded against. It is a little more difficult to apply the other language to the present case. The security is to be “for the payment of all rent accruing orto accrue upon said premises subsequent to the first application.” Eent is not incident to cases undér the fourth subdivision; but there is the same reason for securing to the purchaser the value of ■ the occupation where the possession is withheld as to the landlord in the case of a tenancy. To cany out the inten tion of the legislature, we must give to this language a sense somewhat different from its primary meaning, and hold that a compensation for use and occupation was intended where the case was between judgment debtor and purchaser on execution.
 

 
 *567
 
 I am in favor of a reversal of the judgment of the Supreme Court and of ordering a new trial.
 

 All the judges, except Pkatt, J., who did not hear the argument, concurring,
 

 Judgment reversed and new trial ordered.