THE PEOPLE OF THE STATE OF NEW YORK ex rel. E. VOGLER, LANDLORD, v. LUCIUS N. PALMER, TENANT.

*Purchaser at tax-sale — summary proceedings to recover land — when proceedings before justice stayed — chapter 384 of 1854, title 5, section 33.*

The purchaser, at a tax sale in the city of Brooklyn, of a lease of a lot for one thousand years, assigned the same to the relator, who instituted summary proceedings to recover the same, under section 33, title 5 of chapter 384 of 1854. Upon the return-day the defendant filed an affidavit denying the principal facts alleged in the relator's affidavit, and alleging that the tax sale was void. Upon the adjourned day defendant filed an affidavit that he had acquired title, by deed from the owner, after the tax sale, and was in possession thereunder; and also filed a bond, with sureties approved by the justice, conditioned for the payment of the costs of any action of ejectment, and the value of the use and occupation from the date of the bond to the date of the recovery of the possession by the landlord, with a further condition against waste, etc.

*Held,* that the justice properly decided that the proceedings before him were thereby stayed.

CERTIORARI to review summary proceedings, instituted before a justice of the peace in the city of Brooklyn to recover possession of certain lands.

These proceedings were instituted by the relator, the assignee of a lease for one thousand years of certain property in Brooklyn, purchased by one Wheeler at a tax sale. Upon the return day an affidavit was filed by the defendant alleging the invalidity of the sale, and denying the material allegations of the affidavit filed by the relator. Upon the adjourned day defendant filed another affidavit stating, among other things, that " after the sale of said premises, as set forth in the affidavit aforesaid, by which said landlord, E. Vogler, claims title thereto, this deponent did acquire title to said premises by an instrument under seal, duly executed by the owner of the fee of said property, vesting the possession and title thereto in this deponent, under which this deponent still occupies and holds premises, which title is subsequently acquired to the title of the alleged landlord, set forth in the said affidavit and in these proceedings; " and also filed a bond, with sureties, conditioned to pay " all costs which may be recovered against the

said Lucius N. Palmer in any action of ejectment which may be brought against him within six months by the said E. Vogler for the recovery of the possession of such premises, and to pay the value of the use and occupation of said premises from the date hereof to the time the said E. Vogler shall obtain possession of the same by virtue of a recovery in such action of ejectment, and upon the further condition that the said Lucius N. Palmer shall not commit any waste or injury to said premises during his occupation thereof." To review the decision of the justice holding that the proceedings before him were thereby stayed, this *certiorari* was issued.

*A. H. & W. E. Osborn*, for the relator.

*Daily & Perry*, for the respondent.

BARNARD, P. J.:

The relator made an affidavit, setting forth that he was the assignee of one A. S. Wheeler, who purchased a lease for a thousand years at a tax sale in the city of Brooklyn; that defendant was in possession of the lands described in the lease. Upon this affidavit he procured a summons under the statute providing for the recovery of possession as between landlord and tenant (2 R. S., 513), as amended by chapter 193, Laws of 1849. This statute provides for the recovery of lands sold under execution. Chapter 384, Laws of 1854, title 5, section 33, extends the right to recover summary possession under the statute to the grantee at tax sales in the city of Brooklyn. At the return of the summons, the defendant made and filed an affidavit that the tax was illegal, the sale was invalid, and the tax title worthless, and denying all the principal facts alleged in the landlord's affidavit. The hearing was adjourned for a few days, and at the adjourned day, when the parties appeared for trial, the defendant filed another affidavit. In this affidavit the defendant made oath that he had acquired title to the premises after the tax sale, by deed from the owner, and that he was in possession, claiming title under this deed. This affidavit was accompanied by a bond with sureties, approved by the justice, conditioned to pay the costs of any action of eject-

ment and the use and value of the occupation, from the date of bond to the date of the recovery of possession by the landlord. Under these papers, the justice decreed that the proceedings were stayed. We think the decision was correct. The statute as to summary proceedings, in the case of holding over after title perfected under sales by execution, provides that a stay shall be granted when such an affidavit and bond is given. (2 R. S., 516, § 46.)

In *Spraker* v. *Cook* (16 N. Y., 567), the Court of Appeals held that all the facts averred in the landlord's affidavit are the subjects of an issue in all cases. The affidavit on which the stay was granted complied with the statute. The statute does not require that the nature, extent or legal effect of the claim shall be stated in the affidavit. After providing for a removal of a proceeding involving doubtful questions as to real estate from a Justice's Court to the Supreme Court, it did not call upon the justice to determine whether the tenant could make out his defense in the higher court. The statute says that the tenant is entitled to a stay on execution upon an affidavit " that he claims the possession of such premises by virtue of some title or right acquired after such premises were sold." The tenant so states in his affidavit. It is not ground of error that the affidavit should have stated the title, so that the justice could determine whether it was a title.

Judgment should be affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.