ADOLPH H. GETTING, RESPONDENT, v. NICHOLAS MOHR AND MARGARETHA MOHR, APPELLANTS.

*Summary proceedings to recover land by a purchaser at a sale under execution — Code of Civil Procedure, sec. 2232 — the validity of the judgment cannot be collaterally attacked therein.*

In summary proceedings, instituted under section 2232 of the Code of Civil Procedure, to remove a person who remains in possession of real property after it has been sold by virtue of an execution against him and a title under the sale has been perfected, only the fact of the sale under the execution and the perfecting of the title thereunder need be proved. Neither the validity of the judgment nor the failure to file a transcript thereof in the county where the land was situated can be set up as a defense to such proceedings.

APPEAL from a judgment of the County Court of Suffolk county, affirming a judgment of a justice of the peace in summary proceedings.

*Nicoll Floyd,* for the appellants.

*Timothy M. Griffing,* for the respondent.

BARNARD, P. J.:

Summary proceedings may be instituted to remove a person who holds over and continues in possession of real property after it has been sold by virtue of an execution against him, and a title under the sale has been perfected. (Code, § 2232.) The affidavit upon which the summons was issued was very full, setting forth not only

the judgment under which the sale was made, but also the filing of a transcript in Suffolk county where the land was situated and where it was sold. The affidavit upon the return of the summons was a general denial. Upon the trial before the jury no proof was given of the filing of the transcript in Suffolk county. The record was proven to have been filed in Kings county, and was produced on the trial. The sale was proven and that a title had been perfected under it. This was all that the plaintiff was called upon to establish. It was not the proper place to try collaterally the validity of the judgment. When a sale by execution was proven, and the sale had been made effectual by the sheriff's deed, this was all that was required by the Code to confer jurisdiction on the magistrate. (*Spraker* v. *Cook*, 16 N. Y., 567; *Brown* v. *Betts*, 13 Wend., 30.) The case does not fall within the principle of the cases cited by appellant, that when a title is taken by law the law must be strictly followed. The title was not taken by the summary proceedings, but a remedy was given by law to recover speedy possession of premises when the title had passed away from the owner by judgment proceedings.

The judgment should be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment of County Court affirmed, with costs.