## WEBB *vs.* BINDON & McCRADY.

Where lands were sold under an execution and the property conveyed by the sheriff to the purchaser, who sold the same to a third person, who *reconveyed* the premises to the first purchaser, *it was held* that the last deed was *not void for champerty*, although the grantor in the same, *at the time of the execution*, was not in the *actual possession of the lands*, they being at the time *the subject of controversy by suit in court*, the grantor having brought ejectment for the recovery of the lands—this decision being made on the principle that the defendants were *quasi* tenants of the grantor, and could not be deemed to hold *adversely*.

Evidence to show that, at the time of the *reconveyance*, the suit brought by the grantor had been settled and was ended, was held to be admissible notwithstanding the production of a record on the other side that the suit was pending, *and further*, that such evidence did not contradict the record.

*It seems*, that by the alteration of the statute of *champerty*, the taking of a conveyance *from a party in possession* of lands, the *subject of controversy by suit in court*, is no longer forbidden.

THIS was an action of ejectment, tried at the Clinton circuit in January, 1838, before the Hon. JOHN WILLARD, one of the circuit judges.

The plaintiff on the 11th March, 1829, obtained a judgment against *Joseph Bindon*, for $526 63, which was *revived* by *scire facias* against the defendants in this suit, alleging them to be devisees of the defendant in the original judgment. The judgment roll on the *scire facias* being docketed 15th November, 1833. An execution was issued reciting both judgments, and the premises in question in this cause were sold at public vendue and bought in by the plaintiff, to whom the sheriff of Clinton, on the 15th of April, 1835, executed a deed of the premises. On the day of receiving such deed the plaintiff conveyed the premises to one *Ralph Rawdon*, who on the 28th August, 1837, reconveyed them to the plaintiff. This action was commenced on the 14th October, 1837. The plaintiff having rested, the defendants produced the exemplification of the record of a judgment *in an action of ejectment* brought by *Ralph Rawdon* against the now defendants, in May, 1835, for the recovery of the identical premises claimed in the present ac-

Webb v. Bindon.

tion. From that record it appeared that the defendants put in a *demurrer* to the plaintiff's declaration, that an *imparlance* was granted until *October term*, 1837, when judgment was entered against the plaintiff for not joining in demurrer, and costs awarded against him. The record was filed on' the 22d *November*, 1837. The defendants also proved that the now plaintiff had knowledge of the pendency of the suit in favor of Rawdon. To rebut the whole of this evidence the plaintiff offered to prove that the suit in favor of Rawdon was settled and ended previous to the conveyance from Rawdon to him. The judge viewing such evidence as contradicting the record produced, refused to receive it. The defendants now insisted that the deed from Rawdon to the plaintiff was *void for champerty*, it having been executed *during the pendency of the suit* brought by Rawdon. A verdict was thereupon entered for the plaintiff subject to the opinion of this court.

*S. Stevens*, for the plaintiff.

*A. Taber*, for the defendants.

*By the Court*, NELSON, Ch. J. The statute 2 R. S. 691, § 5, declares, that if any person shall take a conveyance of lands from any one *not being in the possession thereof*, while they are the *subject of controversy by suit in court*, knowing the pendency of such suit, and that the grantor was not in possession of such lands, he shall upon conviction be deemed guilty of a misdemeanor. This is an alteration of the old statute, or at least of the construction put upon it, so far as it does not prohibit a conveyance by a *person in possession* of the premises. 8 Johns. R. 479. He may now convey, notwithstanding the suit pending. The 1 R. S. 739, § 147, provides that every grant of lands shall·be absolutely void, if at the time of the delivery thereof such lands shall be in the *actual possession* of a person *claiming under a title adverse* to that of the grantor. A deed in violation of the *fifth section* above referred to would be void at common law, the

act being in violation of a penal statute; and if the convey-ance to the plaintiff comes within it, it cannot be upheld, though it should be conceded not to be within the general provision of § 147. That section (147) however, being *in pari materia,* may aid us in the interpretation of the other; and looking at both, I am inclined to think that § 5 does not apply where the person in possession does not hold *adversely* to the grantor.

There is no reason, or principle of public policy, that should prohibit the landlord, or those holding that relation to the occupant, from going into the market with the property, pending a suit to oust him. To extend to a disloyal tenant the benefit of the *fifth section,* would enable him to avail himself of his own wrong, and multiply its injurious effects upon his landlord. Indeed, the *possession of the tenant* is, for many purposes, *that* of the landlord, and the case, there-fore, does not come fully within the words of the statute. In this case, though the defendants were not strictly tenants of *Rawdon,* they were *quasi* tenants at will, and could not dispute his title. 1 Caines, 188. 10 Johns. R. 223, 292.

The pendency of the suit by Rawdon against the defend-ants was proved by the record; in answer to which the plaintiff offered to show that it was in fact settled before the reconveyance. The deed bears date 28th August, 1837, and the judgment against Rawdon was entered in *October term* of that year. It may, I think, be doubted whether the proof offered went to impeach the verity of the record within the meaning of the rule. Phil. Ev. 223. 10 Johns. R. 51. The action may have been terminated by settlement of the parties previous to the reconveyance, consistent with the subsequent entry of the judgment. It is not, however, im-portant to express an opinion on this point.

[The verdict having been entered in a manner which, in the opinion of the court, would not give the plaintiff as great an interest as he was entitled to, the court, instead of ren-dering judgment for the plaintiff, ordered a new trial.]