The costs of the said defendants on these demurrers are to abide the event of the action.

---

## McMAHON *a.* ALLEN.

*Supreme Court, First District; General Term, May,* 1861.

### ASSIGNABILITY OF CAUSE OF ACTION.

The right of action which one has, who has been induced by fraud to execute a conveyance and part with possession, is not assignable. The deed being. voidable only, but not void, if it passes all the estate of the grantor, a subsequent grantee cannot maintain an action to set it aside.*

Appeal from a judgment on the report of a referee.

The facts are fully stated in the opinion.

*Albert Mathews,* for the appellant.

*D. McMahon,* respondent, in person.

BY THE COURT.—SUTHERLAND, J.—If Charles T. Harrison could assign the alleged cause of action in this case to the plaintiff, so that the plaintiff could bring this action in his own name, I am inclined to think it passed to the plaintiff by the assign-

---

* Compare Meech *a.* Stoner (19 *N. Y.* (5 *Smith*), 26), where it was said that the non-assignability of things in action is confined to torts and contracts of a purely personal nature.

ment, although the assignment certainly does not, in express terms, assign or purport to assign to the plaintiff the assignor's alleged right to have his previous conveyance to the defendant, Thomas E. Allen, declared void, and set aside on the ground of fraud. But assuming that Charles T. Harrison, at the time of his assignment to the plaintiff, had this cause or right of action, so that he, by an action in his own name, could have had his conveyance to the defendant declared void, and set aside on the ground of fraud, undue influence, inadequacy of price, &c., could Charles T. Harrison assign that cause or right of action to the plaintiff, so that the plaintiff could bring the action in his own name?

I shall examine this question in the first instance; for if the plaintiff's alleged cause of action in this case was not susceptible of assignment, and therefore did not and could not pass to him under the assignment, the judgment below must be reversed on that ground alone, and it will not be necessary to examine or pass upon any other question in the case.

The deed from Charles T. Harrison to the defendant purports to convey all the share, right, title, and interest of 'the said Charles T. in or to the estate, real and personal, of his late mother, Ruth S. Rathbone, deceased, as devisee or otherwise, describing certain choses in action and certain real estate, to wit, a lot on Houston-street, and mentioning certain moneys as belonging to said estate.

The referee to whom this action was referred finds, as facts, that Charles T. Harrison, on the 22d day of March, 1852 (date of deed to the defendant), was owner of a life-estate in the lot and buildings known as No. 694 Houston-street, as tenant in common with his brother Samuel C. Harrison; and that he also had an interest in certain trusts, under his mother's will, of personal estate which might, under some circumstances, be of considerable value; and that the defendant was indebted to Charles T. Harrison in about the sum of $500, for the interest of the said Charles T. in certain surplus moneys on a sale of certain mortgaged premises.

The referee does not find, nor does the evidence show, that Charles T. Harrison had any other property, right, estate, or interest which his deed to the defendant could or did convey or release.

McMahon *a.* Allen.

The referee finds the value of the life-interest in the Houston-street lot to have been $1,800, and the value of the whole estate or property conveyed, in addition to the indebtedness of the defendant to Charlés T. Harrison, to have been $23,000.

The plaintiff's cause of action, if he has any, must be considered to be a right to have the conveyance from Charles T. Harrison to the defendant set aside as fraudulent and void, for the other and further relief asked for, is asked for and can only be granted as incident to, or following from, the principal or main relief; which is, to have the conveyance set aside, so that the plaintiff can have the reconveyance and other relief asked for.·

Assuming that the deed was fraudulently obtained by the defendant from Charles T. Harrison, or obtained under circumstances which would authorize a court of equity to declare it void, yet it was not void, but voidable, when Charles T. Harrison made his assignment or conveyance to the plaintiff, and must remain voidable until so declared to be void. (Anderson *a.* Roberts, 18 *Johns.*, 515; Somers *a.* Brewer, 2 *Pick.*, 184; Bowley *a.* Bigelow, 12 *Ib.*, 312.)

A *bona-fide* purchaser from the defendant, without notice, would have acquired a good title. (Jackson *a.* Henry, 10 *Johns.*, 186; Jackson *a.* Walsh, 14 *Ib.*, 414; Mowrey *a.* Walsh 8 *Cow.*, 238.)

Charles T. Harrison then, at the time of his assignment or conveyance to the plaintiff, had neither the possession of, nor any estate or interest in, the property or things he had conveyed or released to the defendant, but only a naked right of action to have his conveyance to the defendant declared void, so that he could be reinvested with his former rights and interests. Could he, without possession, and without any present estate or interest, assign his mere right to have his conveyance to the defendant declared void? That is the question. Can his assignee, the plaintiff, bring an action in his own name for that purpose?

It may be conceded, that the conveyance or assignment by Charles T. Harrison to the plaintiff was and is valid and operative, so as to vest in the plaintiff all the estate and rights of Harrison in the property, when, in an action by or in the name of Harrison, his conveyance to the defendant shall be declared void; but it by no means follows, that such conveyance to the

plaintiff also gives him a right to bring an action to avoid Harrison's conveyance to the defendant. The right to bring an action is not necessarily included in the right to purchase. I do not see why damages to be recovered for an assault and battery, or other personal tort, in the name of the party injured, cannot be assigned. A deed of lands held adversely, is good between the parties to it, although void as to the party holding adversely. It is good against the grantor and his heirs; but it cannot be enforced in the name of the grantee, although he may enforce it in the name of the grantor. (Livingston a. Proseus, 2 *Hill*, 528; Cameron a. Irwin, 5 *Ib.*, 282; Keneda a. Gardner, 3 *Barb.*, 593.)

I do not think it can properly be said to have been decided in Livingston a. The Peru Iron Company (9 *Wend.*, 512), cited by the plaintiff, as the head-note would lead one to suppose, that an adverse possession could not be founded on a deed fraudulently obtained; that is, upon a deed voidable merely, not void; but if it was so decided in that case, such decision was reversed or disapproved of, in Humbert a. Trinity Church (24 *Wend.*, 610, 635).

A subsequent conveyance by the grantor of a deed, obtained by fraud, would be void as to the party in possession claiming title under the fraudulent deed, so as to protect him from an action in the name of the second grantee, but good between the parties, so as to convey the lands and the grantor's estate therein, when the fraudulent deed should be declared void, and a reconveyance decreed in an action, in the name of the grantor.

Independent of the question of adverse possession, the Court of Appeals held, in Nicoll a. The New York & Erie Railroad Company (2 *Kern.*, 121), that a mere naked right of entry could not be assigned.

The provision of the Code, " that every action must be prosecuted in the name of the real party in interest," was not intended, and has not had the effect, to make things in action or rights of action assignable which were not then assignable even in equity, but was intended to give the assignee of a chose or thing in action, which was assignable in equity, a right to sue in his own name. (McKee a. Judd, 2 *Kern.*, 622; The People a. Tioga Common Pleas, 19 *Wend.*, 73.)

I do not think that Charles T. Harrison's personal right to

avoid his deed to the defendant, on the ground that he had been defrauded, can be called a chose in action within the most extended definition of that phrase.

To say that the plaintiff is the party in interest, and therefore can bring the action in his own name, is assuming the very thing in question. If the deed from Charles T. Harrison to the defendant was voidable merely, not void, then Charles T. Harrison had no interest to assign to the plaintiff, and the question is, whether he could assign to the plaintiff his right to avoid the conveyance for fraud, so that he might have an interest, which might pass to the plaintiff under the conveyance or assignment to the plaintiff.

In Prossen *a.* Edmonds (1 *Young and Coll. Eccl. R.*, 481), it was held, that a mere right of action to avoid a conveyance for fraud on the assignor himself, was not assignable in equity, upon the ground that to allow it to be so assignable would be contrary to sound policy as indicated by laws against champerty and maintenance. (See also *Story's Eq. Jur.*, § 1040.)

As the theory of the plaintiff's complaint, and of his whole case, is, that the deed from Charles T. Harrison to the defendant was void as to Harrison, on the ground that he was defrauded,—not that it was void as to the creditors of Harrison, on the ground that it was made and accepted with intent to defraud his creditors,—it is hardly necessary to say, that on this question of assignability, it is quite immaterial whether the plaintiff is a *bona-fide* purchaser for value, or a mere voluntary assignee for the benefit of creditors. If the plaintiff should be considered as a mere voluntary assignee for the benefit of creditors, the cases cited by the counsel of the defendant, to show that such voluntary assignee cannot impeach a conveyance of his assignor as fraudulent against creditors, have no application to the question of the right of the plaintiff to bring this action in his own name, for a conveyance to defraud creditors is good and valid as to both the parties to it; but this action was brought upon the theory that the deed to the defendant was good as to him, but void as to Charles T. Harrison, the plaintiff's assignor, and I have assumed this to be so, in looking at this question of assignability.

A deed void as to one of the parties to it, but valid as to the other, cannot be said to be absolutely void, but voidable. (An-

derson *a.* Roberts, 18 *Johns.*, 515, before cited; *Bac. Abridg.*, tit. "*Void and Voidable.*")

As the assignment by Charles T. Harrison to the plaintiff was made and this action was commenced long before the act of April 17, 1858, declaring and extending the powers of assignees, receivers, &c., "to protect the rights of creditors and others against frauds," &c., was passed, it is plain, whatever may be the construction or effect of that act, that it could not give the plaintiff a right to bring this action in his own name, and does not relieve his case from the question of assignability.

It may be conceded, that the right to avoid a conveyance of real estate or a contract as to personalty for fraud, would survive to the heir, devisee, or executor of the party defrauded; but I do not see that the fact of such involuntary transfer or right of survivorship by force of the law can have much weight on the question of voluntary assignability in this case.

The statute against champerty does not apply to devises. A devise is good notwithstanding an actual disseizin. (Varick *a.* Jackson, 2 *Wend.*, 167.)

A mere right of entry survives to the heir or devisee.

The executor may have a right to avoid a contract as to personalty made by the testator, on the ground that the testator had been defrauded, without interfering with the principle upon which laws against champerty proceed, or the sound policy indicated by them.

Upon the whole, I am of the opinion that Charles T. Harrison could not assign to the plaintiff the right to bring this action in his own name, and that the judgment below should be reversed, and a new trial ordered, with costs to abide the event.