*493 By the Court,
Robertson, Ch. J.
The defense in this case rests solely on a possesory title to the premises in question. The complaint rivers such possession by the defendants, which' the latter admit in their answer, but claim it to have been adverse to all the world for twenty years. Of course their right to dismiss the complaint depends solely upon the weakness of the plaintiff’s title. The plaintiff’s claim to such premises depends wholly upon a grant of them to him by the corporation of the city of New York, in the year 1859. Á strip of land to the eastward of the Eleventh avenue was also included in such grant, which had been previously granted to the heirs of Mrs. M. Clarke in the year 1837, by the same corporation. Such grantees entered into possession of the strip and held it at the time of the grant to the plaintiff. Such grant to the plaintiff was subject to a condition to be void in case it should at any time afterwards appear that he was not seized of an estate in fee simple absolute of the lands to the eastward of the lands so granted.
This court has held that a condition similar to that in the grant to the plaintiff was a condition subsequent, and did not defeat the estate unless proceedings were taken by the corporation for the purpose. (Towle v. Smith, December 5, 1863, Gen. Term., MS.) So that it was not necessary for the plaintiff to establish any title to land lying eastwardly from the premises in question.
The grant to the heir's of Mrs. Clarke of land lying to the eastward of that in controversy was subject to a similar condition as that contained in the grant to the plaintiff; which is also to be considered a condition subsequent. Both it and the grant to the plaintiff were, of course, subject to the condition contained in the grant from the state to the corporation of the city of New York, that in every grant by the latter the owner of the adjacent upland should have a preference. (Val. ed. Laws relating to city of New York, 809, § 15, 843, § 4.)
The defendants claimed that the possession of Mrs. Clarke’s heirs of land to the eastward of that in controversy, was adverse even as against the city corporation, by virtue of the grant by *494 the latter to them ; and that if so, the entire grant of land to the plaintiff before mentioned was void, under the statute which makes grants of land held adversely by another void, (1 R. S. 739; § 147,) and that which makes their acceptance a misdemeanor. (2 R. S. 692, § 6.)
To maintain the first of the propositions thé statute in question (1 R. S. 739, § 147) must be construed to render void the whole instrument in which a grant of any land held adversely is contained, and not merely the grant of such land. There is a marked distinction in the object of statutes which avoid a particular provision in an instrument, and tliat of those which avoid a whole instrument on account of the illegality of the purpose of part. In the former case, such provision is made void as a matter of policy to it alone ; in the latter, the whole instrument is looked upon as an engine of fraud or other violation of the statute, in which the valid and invalid parts are not to be separated. Such distinction is fully discussed and recognized by Justice Comstock in Curtis v. Leavitt, (15 N. R. Rep. 123, and cases cited.) See also Leavitt v. Palmer, (3 N. Y. Rep. 37,) in reference to the provision of the statute of frauds, (2 R. S. 135, § 1,) which makes all “ deeds of gift, conveyances, transfers and assignments ” of a certain kind void, which he held only made void what was contained in the instrument under consideration, which contravened the statute. The English case of Doe v. Pitcher, (6 Taunt. 363,) cited by the learned judge, just named, in delivering his opinion, is strongly in point. In that case the statute under consideration expressly avoided “all assurances,” &c. of a certain kind, I" had occasion recently in a case at general term, (Towle v. Palmer, 1 Rob. 437,) to consider the distinction before mentioned. Upon more full review of the principles and authoritiies I am content' to follow the principle there laid down, and hold that as the statute in reference to grants of lands held adversely does not make the whole instrument void, only that part becomes inoperative whish violates the law.
In reference to the statute which makes the acceptance of a grant of lands held adversely a misdemeanor, (2 R. S. 691,) I *495 apprehend it does not invalidate the grant of other lands in the same conveyance. The grantor could not reclaim the other lands so conveyed, or even that held adversely. (Jackson v. Demont, 9 John. 55. Livingston v. Proseus, 2 Hill, 526. Kenada v. Gardner, 3 Barb. 589. Poor v. Horton, 15 id. 485.) In Van Dyck v. Van Beuren, (1 John. 345,) the separability of the legal from the illegal grant is conceded. The fifth section of such statute only applies to lands the subject of an existing-suit, and is of course inapplicable to the grant under consideration. The sixth section forbids buying or selling pretended titles to land “ unless the grantor, &c. shajl have been in possession of * its reversion * or have taken the profits for a year previously.” A quit rent was reserved and payable to the city corporation by the grant to Mrs. Clarke. The statute of course could only extend to cases where profits were not payable, and not where they were not paid. Moreover the right of the city corporation to re-enter for the condition subsequent probably deprived the possession of the heirs of Mrs. Clarke of the character of being adverse to the corporation, under the cases of Webb v. Bindon, (21 Wend. 98,) Preston v. Hunt, (7 id. 53,) and Hassenfrats v. Kelly, (13 John. 466,) notwithstanding the principles laid down in The People &c. v. Trinity Church, (22 N. Y. Rep. 44;) The same v. Van Rensselaer, (8 Barb. 189,) and Pepper v. Haight, (20 id. 429.) The evidence in this case, therefore, would not be sufficient to have convicted the plaintiff of a misdemeanor, and consequently could not have avoided the deed to him.
A statute recently passed (1862) allows the grantee of lands held adversely to bring an action in the name of his grantor against the party in possession. (Code, § 111, 2d paragraph.) This would seem to repeal by implication the statute making the taking of such conveyances hereafter a misdemeanor.
The plaintiff therefore established a good title as against the defendants, and the dismissal of the complaint was improper. The judgment and order denying a new trial must be reversed and a new trial granted, with costs to abide the event.