PEOPLE *ex rel.* MURPHY V. LOCKWOOD.

*Landlord and tenant — tenant may not avail himself of recitals to defeat title of landlord — Evidence — admissions.*

In summary proceedings to remove a tenant where the tenancy was denied, *held*, that if the defendant entered into possession under the plaintiff she could not avail herself of recitals in plaintiff's deed to defeat plaintiff's title. But in support of a denial, that she had so entered, she might invoke the aid of such recitals, and fortify her denial by other material evidence.

The fact that a letter written by plaintiff to his agent was read by the agent in defendant's presence, and she made no remark, *held*, not to render the letter admissible in evidence.

CERTIORARI to review proceedings had before the respondent S. C. Lockwood for the summary removal of a tenant under the statute. The writ was issued upon the relation of Polly Murphy, who had been removed from premises occupied by her, as it was alleged, as the tenant of Timothy Murphy. The facts sufficiently appear in the opinion.

*George Adee,* for relator.

*Gleason & Murray,* for respondent.

LANDON, J. This is a statutory writ of certiorari to review summary proceedings had before a justice of the peace to remove the relator, an alleged tenant of one Timothy Murphy, the plaintiff below. This statutory writ brings up for review any question of law arising either in the proceedings or upon the trial, and enough of the evidence to enable this court to determine whether the relation of landlord and tenant existed between the parties. *People* v. *Hamilton,* 39 N. Y. 107. These summary proceedings can only be had where the conventional relation of landlord and tenant by agreement exists between the parties. *Benjamin* v. *Benjamin,* 5 N. Y. 383; *People* v. *Simpson,* 28 id. 55.

In this case the relator, by her answer before the justice, denied that she was the tenant of the plaintiff, and alleged that she was the owner of the premises. The main question litigated before the justice was whether such a relation existed. Timothy Murphy resides in California, and has since 1854. His agent, David Taylor,

testified that in 1859, the relator moved into the house. "She came to my house and asked me to let her come back into the house she now occupies, I told her I did not know as I had any right to let her in, as I had had trouble with her to get her out before. * * I told her if she would leave at any time I wanted her to, without any trouble, I would let her in until I heard from Timothy Murphy. She said she would; she went in; and I wrote to Timothy Murphy, and got an answer which I communicated to her." The answer was, "you can let Polly stay on the place till I come back if you are a mind to." Timothy has not come back yet. The relator denied that she went into possession of the premises under the circumstances above detailed, but claimed that she did so in the right of her children as the heirs of Charles Murphy, her deceased husband.

The plaintiff below, for the purpose of showing title in himself, gave in evidence a deed from Abram Becker to himself of the premises in question of a date prior to the alleged hiring. This deed recited that Charles Murphy was in possession under a contract of purchase, and that the premises were conveyed to the defendant subject to that contract. Now, if the contract testified to by David Taylor should be accepted as the absolute truth, the relator could not avail herself of the recitals in the deed. Having entered into possession under the plaintiff, she must first surrender that possession before she can dispute his title. *Jackson* v. *Spear*, 7 Wend. 401; *Kenada* v. *Gardner*, 3 Barb. 589; *Hill* v. *Hill*, 4 id. 419. But in support of her denial that she had entered into possession in the manner claimed, she had the right to invoke the aid of the recitals in the deed, and to fortify her denial by any other material evidence. She offered to prove that the plaintiff gave her the premises in consideration of services rendered by her for him in bringing up his children. This evidence tended to show that her possession was not of the character alleged by the plaintiff's agent. She had the right to acquire any outstanding title in support of her own, and even if she had made the agreement sworn to by the agent, she had the right subsequently to make and substitute another agreement with the plaintiff for it. We think the justice erred in excluding the evidence.

The justice also erred in receiving in evidence against the relator's objection, a letter written by the plaintiff to his agent shortly before this proceeding was commenced. This letter was simply the

plaintiff's declaration in his own favor. The fact that the agent of the plaintiff read it to the relator to whom it was not addressed, made it none the less so. The relator made no remark when the letter was read to her, nor was she called upon to make any.

The judgment of the justice should be reversed, but as it is not clear to us that the relator is entitled to the possession of the premises, restitution is not awarded nor costs given, but the relator is left to her action under the statute, or such other remedy as she may be advised to pursue.

*Ordered accordingly.*