The People ex rel. Adam Ainslee, Respondents, v. Alfred A. Howlett et al., Appellants.

The essential requisite to authorize summary proceedings under the statute (2 R. S., 513, §§ 28 et seq.) to remove a tenant holding over after expiration of his term, is that the conventional relation of landlord and tenant exists: the person in possession may, under a denial by affidavit of the facts upon which the summons is issued, prove that the alleged lease was executed under and in pursuance of a usurious agreement, and is void; and so, that such relation does not exist.

The rule that the tenant cannot dispute the title of his landlord does not apply to such case.

In summary procedings to remove relator from certain premises, as a tenant holding over after the expiration of his term, he put in an affidavit stating, in substance, that the alleged lease was executed under and in pursuance of a usurious agreement between the parties, made in May, 1876, by which defendants agreed to loan to relator the sum of $5,600, he agreeing to pay for the use of the same, $500, over and above lawful interest; that to secure the payment of the loan relator agreed to give a deed of the premises of which he then was in possession as owner, defendants to execute a contract agreeing to sell and reconvey the property; and in order to cover up and conceal the usury, under the name of rent, to execute a lease of the premises to April 1, 1877, for a nominal rent of $500; that the loan was made, and the deed, contract and the lease in question executed as so agreed. Held, that the affidavit was equivalent to a denial of the facts upon which the summons was issued; and that a refusal of a trial by jury, as prescribed by the statute (2 R. S., 514, § 34), was error.

(Argued March 21, 1879; decided April 1, 1879.)

Appeal from a judgment of the General Term of the Supreme Court, in the fourth judicial department, reversing a decision of the county judge of Onondaga county, in summary proceedings by defendants, as landlords, to remove the

relator ·from certain premises; which proceedings were brought up for review by *certiorari.*   (Reported below, 13 Hun, 138.)

The affidavit of the defendants, on which the county judge issued the summons, stated that on the 13th of May, 1876, the defendants let unto the relator certain premises therein described, consisting of a farm in the town of De Witt, from May 15, 1876, to the 1st day of April, 1877 ; that the said term has expired, and that said Ainslie holds over, and continues in the possession of the premises without the permission of the respondents, his landlords.  Ainslie appeared and interposed his affidavit, to the effect that on the 15th of May, 1876, in order to secure a loan then made to him by the defendants, he executed and delivered to them a deed of the premises in question ; and that the defendants at the same time executed and delivered to him an agreement to re-convey, upon payment of the sum specified, which Ainslie agreed to pay on or before April 1, 1877.  Defendants also, at the same time, executed the lease in question, and a chattel mortgage to secure the rent. The affidavit, after setting forth these papers, denies each and every allegation and statement in the affidavit, on which the summons was issued not therein before specially admitted ; it then states that all of said instruments were part of one and the same transaction, and all were simply designed as security for a loan from defendants to Ainslie.   That in the month of May, 1876, Ainslie applied to defendants for a loan of $5,600 ; that they agreed to make the loan until April 1, 1877 ; that Ainslie agreed to pay them the sum of $500, over and above the lawful interest for the use and forbearance of said sum ; that the said instruments were executed as security for the said usurious loan ; that it was agreed between them that the said $500 excess of interest should be taken in the name of, and under cover of rent ; that said instruments, particularly the lease, were executed and delivered to conceal the usury in said loan ; that said Ainslie has been in the constant possession of the premi-

ses described in the affidavit, on which the summons was issued, for about forty-six years last past, and the alleged landlords never have been in possession of the same, or any part thereof; that the deed and the lease were collateral to the loan of the money, and were simply a mortgage in fact, and were so intended by the parties thereto. Upon this affidavit Ainslie demanded a trial by jury. Defendants demanded that a warrant issue without trial. The county judge held that the affidavit of Ainslie did not show any cause to the contrary, and thereupon issued his warrant of possession, as in case of no cause being shown by the tenant. To which ruling Ainslie duly excepted.

*Daniel Pratt*, for appellants. The provisions of the statute for the summary removal of tenants for non-payment of rent, or for holding over after the expiration of the term, apply only to cases where the conventional relation of landlord and tenant exists. (*Sims* v. *Humphrey*, 4 Den., 185; *Benjamin* v. *Benjamin*, 5 N. Y., 383, 388; *People* v. *Hovey*, 4 Lans., 86; *Freeman* v. *Ogden*, 4 N. Y., 105; *Eventson* v. *Lutton*, 5 Wend., 281; *Hill* v. *Stocking*, 6 Hill, 314.) The only issue which the tenant can raise relates to this conventional tenancy, and the holding over, if the application be for that cause. (*Niblo* v. *Post*, 25 Wend., 280, 284; *Geisler* v. *Acosta*, 5 Seld., 227, 231; *Sims* v. *Humphrey*, 4 Den., 185; *Vroom* v. *Ditmus*, 4 Paige, 526, 533.) A tenant is estopped from denying the title of his landlord while he remains in possession, even in an action of ejectment. (*Jackson* v. *Reynolds*, 1 Caines, 447; *Brant* v. *Livermor*, 10 J. R., 358; *Sharpe* v. *Kelly*, 6 Den., 431; *Ingraham* v. *Baldwin*, 9 N. Y., 45; *People* v. *Kelsey*, 31 Barb., 270, 273.) There was no usury in the transaction between the relator and defendants. (*Pomeroy* v. *Ainsworth*, 22 Barb., 118; *Sumner* v. *People*, 29 N. Y., 337.)

*Irving G. Vann*, for respondent. Cotemporaneous writings between the same parties, upon the same subject-matter,

should be read and construed as one paper. (*Roger* v.
*Smith*, 47 N. Y., 324; *Draper* v. *Snow*, 20 id., 331; *Park*
v. *Comstock*, 58 Barb., 16; *Kent* v. *Livermore*, 5 Pick.,
395.)    All the papers executed between the relators and
the appellants, when construed together, become a mortgage
to secure the payment of money loaned. (*Peterson* v. *Clark*,
15 J. R., 205; *Clark* v. *Henry*, 2 Cow., 324; *Dey* v. *Dun-
ham*, 2 J. Ch., 182; *Lane* v. *Shears*, 1 Wend., 433; *Palmer*
v. *Guernsey*, 3 id., 243; *Roach* v. *Cozine*, 9 id., 227; *Stew-
art* v. *Hutchings*, 13 id., 485; *Glover* v. *Paine*, 19 id., 518;
*Swart* v. *Service*, 21 id., 36; *Putnam* v. *Wise*, 1 Hill, 234;
*Browne* v. *Dewey*, 1 Sand. Ch., 56; *Murray* v. *Walker*, 31
N. Y., 399; Jones on Mortgages, § 309; Thomas on Mort-
gages, 20–24; Willard's Eq. Jur., 432–434; 1 Powell on
Mortgages, 157; *Despard* v. *Walbridge*, 15 N. Y., 374;
*Hitchcock* v. *Harrington*, 6 J. R., 290; *Jackson* v. *Willard*,
4 id., 41; *Clute* v. *Robinson*, 2 id., 595; *Runryan* v. *Mer-
sereau*, 11 id., 584; *Aymar* v. *Bell*, 5 J. Ch., 570; *Peterson*
v. *Clark*, 15 J. R., 205; *Stoddard* v. *Hart*, 23 N. Y., 566;
*Kortright* v. *Cady*, 21 id., 343; Story Eq. Jur., § 1018, *b*;
*Morrison* v. *Brand*, 5 Daly, 42; *Horne* v. *Keteltas*, 46 N.
Y., 605; *Hill* v. *Grant*, 15 id., 496; *Stoddard* v. *Whiting*,
id., 627; *Conay* v. *Alexander*, 7 Cranch, 218; *Robinson* v.
*Cropsey*, 3 Edw. Ch., 138.)   The relation of landlord and
tenant did not exist between the parties.   (Chambers' Land-
lord and Tenant, 12.)   The entire transaction was but a
cover to secure a usurious loan, and every paper executed
between the parties was absolutely void, and conferred no
right whatever upon the appellants.   (2 R. S. [6th ed.],
1165, § 5.)   The issue tendered by the affidavit was one
that the county judge had jurisdiction to try.   (3 R. S., §§
28, 34; Laws of 1820, p. 179; 11 Geo., 2 C., 19, § 16;
*Roach* v. *Cozine*, 9 Wend., 227; *Sims* v. *Humphrey*, 4
Den., 185; *Evertson* v. *Sutton*, 5 Wend., 281; *Buck* v.
*Binniger*, 3 Barb., 391; *Williams* v. *Bigelow*, 11 How.,
83; *Spraker* v. *Cook*, 16 N. Y., 567; *Benjamin* v. *Benja-
min*, 1 Seld., 388; *Oakley* v. *Schoonmaker*, 15 Wend.,

226; *Burnett* v. *Scribner,* 16 Barb., 621; *Wilson* v. *Martin,* 1 Den.; *Haywood* v. *Miller,* 3 Hill, 90; *People* v. *Annis,* 45 Barb., 304; *Russell* v. *Russell,* 32 How., 400; *Livingstone* v. *Tanner,* 4 Kern., 64; *Hill* v. *Stocking,* 6 Hill, 318.)

CHURCH, Ch. J. ] The. *certiorari* was brought to review proceedings before the county judge of Onondaga county, under the landlord and tenant act, and the only question is whether the affidavit put in by the relator contained such a denial of facts upon which the summons was issued as to entitle him to a trial before a jury as prescribed in the act. The transaction as alleged in .the affidavit was a loan of $5,600, by the defendants to the relator from the 15th of May, 1876, to the 1st of April, 1877,.at a usurious rate of interest, that to secure the payment of said money the relator executed to the defendants a deed of his farm, absolute in terms, and the latter executed a contract to re-sell the property to the relator, and also a lease of the premises to the 1st of April, 1877, in which it is alleged the usurious interest of $500 was contained under cover of rent, and the relator also gave to defendants a chattel mortgage on his personal property to secure the rent, and the payment of a mortgage on the real estate. The affidavit also contains a denial of each and every allegation and statement in the affidavit not specifically admitted.

The county judge refused to call a jury, and the General Term reversed the decision.

Among the numerous cases that have arisen under the landlord and tenant act, there is not one which adjudicates the point involved here.

In *Roach* v. *Cosine* (9 Wend., 228), the facts appearing were that Cosine advanced to Roach $3,900, and received an absolute conveyance with an agreement that Roach should continue in possession of a portion of the premises for two years at a nominal rent, and that if .the sum advanced was paid within two years the premises should be reconveyed to

Roach. It was held that the deed was a mortgage, and that the relation of landlord and tenant did not exist.

This case tends in the direction of permitting evidence going behind the formal character of the instruments in order to ascertain the real nature of the transaction, and if then it appears that the relation did not exist, the proceedings would not be sustained. It is to be observed however that in proving the letting, the real facts were developed, and the court merely applied the law to the facts. There seems to have been no contest as to what could be litigated in these proceedings. Here was a formal lease from a party having an absolute deed. There was no entry under the lease by the relator, but he alleges that being in possession of the premises as owner, he executed a deed to the defendants, and took from them a contract to repurchase, and a lease of the premises, which are void for usury ; that all these papers were made in pursuance of a usurious agreement to borrow of the defendants a sum of money at a usurious rate of interest, and secure the payment of the same, and the usury, $500, was covered up under the name of rent, and hence he denies that he is the tenant of the defendants, or that they are his landlords. These allegations were made in the affidavit. The statute (2 R. S., 513), authorizes any tenant or lessee to be removed from leased premises, among other cases, when such person shall hold over and continue in possession after the expiration of his term. (§ 28.) The landlord or lessor must make oath in writing of the facts which according to the statute authorize the removal of the tenant. (§ 29.) Any person in possession, or claiming possession of such premises, may " file an affidavit with the magistrate who issued the same denying the facts upon which said summons was issued, or any of the facts, and the matters thus controverted may be tried by the magistrate, or by a jury." If the conventional relation of landlord and tenant does not exist, the proceedings cannot be entertained under this act, and the statute is broad enough to enable a party to prove under this denial that such relation does not

exist.    It is urged that the tenant can only prove what is admissible under a simple denial of the facts, and that usury can never be shown unless pleaded.    We think that this construction is too narrow.    Usury renders the lease void. It is not a lease, and there can be no tenancy by virtue of a nullity, and a denial of the lease, and the tenancy entitles the party to prove the facts which render it void.    He may show that it was obtained by duress under such a denial. But there can be no objection in addition to a denial to set forth the facts, as was done in this case.    It is also urged that the tenant cannot dispute the title of his landlord, but I do not think this principle applies to a case like this.    A tenant cannot dispute the title of his landlord, because he cannot deny what he has once admitted, but here the instrument containing the admission is void, and is not effectual for any purpose.

The essential requisite to authorize these proceedings is that the conventional relation of landlord and tenant should exist.    (*Sims* v. *Humphrey*, 4 Denio, 185; *Evertson* v. *Sutton*, 5 Wend., 281; *Buck* v. *Binninger*, 3 Barb., 391; *Spraker* v. *Cook*, 16 N. Y., 567.)    Such a relation is claimed to have been founded upon an agreement.    The agreement being void the relation is not established.    This is not a case where the relator entered upon lands owned by the defendants.    He was the owner confessedly, and by a series of instruments in form transferred the title to the defendants, and became the lessee.    These instruments being void he claims in his original right as owner.    Legally he occupies the same relation to the property that he always did, because nothing has been done to change it.    We must assume in this case that the facts stated in the affidavit are true, and thus assuming, the transaction was usurious and void.    We are of opinion that it was the duty of the county judge to have called a jury, and tried the issue presented.    The defendants had a choice of officers before whom to institute proceedings, or they could have brought an action of ejectment, and litigated the questions involved in the higher

courts.   Besides they have a remedy by *certiorari* to review the trial before the county judge, or a justice of the peace, which brings up not only the legal questions, but the evidence, and no injustice is likely to ensue from a trial upon the merits.

We concur with the opinion of TALCOTT, J., in the court below, and the judgment must be affirmed.

All concur except RAPALLO, J., absent; ANDREWS and DANFORTH, JJ., not voting.

Judgment affirmed.