(27 Misc. Rep. 724.)

### BURKHART v. TUCKER et al.

(Lewis County Court. June, 1899.)

VENDOR AND PURCHASER—REMEDIES OF VENDOR.

> Code Civ. Proc. § 2231, allowing a landlord summary proceedings to eject a tenant who holds over, does not apply to one who holds land under a contract of purchase, and who fails to make payments, even though the contract of purchase provides that on default the vendor may treat the vendee as a tenant holding over without permission.

Summary proceedings by Joseph Burkhart against Nelson Tucker and others. Defendants move to dismiss the proceedings. Granted.

C. S. Mereness, for petitioner.

J. D. Smith, for defendants Tucker.

TURNER, J. December 19, 1894, Sarah McCullock, as party of the first part, and Nelson Tucker and wife, as parties of the second part, entered into and duly executed a contract in writing for the sale by the party of the first part to, and the purchase by, parties of the second part, of certain real estate situate in the town of Greig, Lewis county, for the sum of $500, payable in installments, with interest, the last payment being due and payable May 1, 1897. Subsequent to the date of the contract, the vendor died, and the executor under her last will and testament sold, assigned, and transferred the contract to A. M. Lanpher, and March 2, 1899, Lanpher duly sold, assigned, and transferred it to the petitioner, Burkhart. Tucker and wife are in default, having failed to make payments of the purchase money as specified and required in the contract, and have been in default since May 1, 1897. The contract in question contains this provision:

> "And if said parties of the second part shall fail to perform this contract. or any part of the same, said party of the first part shall, immediately after such a failure, have a right to declare the same void, and retain whatever may have been paid on such contract, and all improvements that may have been made on said premises, and may consider and treat the parties of the second part as her tenants holding over without permission, and may take immediate possession of the premises and remove the parties of the second part therefrom."

The petitioner, in his petition for process to remove the Tuckers. alleges that about March 17, 1899, there was due and unpaid upon said contract the sum of $411, and that on or about that day he tendered the vendees a deed of the premises, and demanded the sum due on the contract, which they failed to pay; and that he there-

upon elected to declare said contract void, and demanded of the vendees possession of the premises, which they refused to surrender, and still refuse to surrender, and that they are holding over without the consent of the petitioner. Upon these facts he asks for process to remove the vendees as tenants holding over without permission of the landlord, pursuant to the provisions of Code Civ. Proc. § 2231, entitled "Summary Proceedings to Recover Possession of Real Property." The sections of this title of the Code of Civil Procedure are substantially re-enactments of the provisions of the Revised Statutes upon this subject, and in no respect change the well-settled rule that the statute applies only where the conventional relation of landlord and tenant exists between the parties; and, unless this relation exists by agreement, and not by operation of law, the magistrate has no jurisdiction in such cases. Roach v. Cosine, 9 Wend. 227; Sims v. Humphrey, 4 Denio, 185; People v. Annis, 45 Barb. 304; Benjamin v. Benjamin, 5 N. Y. 383; People v. Howlett, 76 N. Y. 574; People v. Bigelow, 11 How. Prac. 83. We find the Tuckers in possession under a contract of sale, and although they were in default in May, 1897, the vendor, or her assignees, waited until nearly two years had elapsed before taking any steps to declare the contract at an end. If the assignee of the vendor could, in law, declare the contract void because of the failure of the vendees to comply with its terms and conditions, and thus create the relation of landlord and tenant, could it be done by parol, or was notice in writing essential; and, if he could and did do so, when did the tenancy begin? If it began when he elected to declare the contract void, and demanded possession, it then became a tenancy at will or at sufferance, because there had been no such termination of the tenancy or holding over as the statute contemplates. Code Civ. Proc. § 2231, subds. 1, 2. A tenancy at will may be created by express words, or it may arise by implication of law. Cow. Treat. (6th Ed.) § 1761. If the petitioner be correct in his contention that the relation of landlord and tenant commenced when he declared the contract void, and demanded possession of the premises, he could only bring himself within the statute or institute this proceeding at the expiration of the month's notice to his tenants to vacate and surrender such possession (Code Civ. Proc. § 2236), for the provisions of the Revised Statutes in reference to terminating a tenancy at will or by sufferance are still in force. Nothing appears in the petition herein showing or tending to show that such notice was given or served upon either of the Tuckers; hence this proceeding is prematurely instituted, if his contention be well predicated that the relation of landlord and tenant was established when he declared the contract void, and demanded possession. It has been well said that these proceedings must conform strictly to the demands of the statute, and that the petition must make out a plain case, and must show the relation of landlord and tenant existing by agreement, and not by mere operation of law. Benjamin v. Benjamin, 5 N. Y. 383; Freeman v. Ogden, 40 N. Y. 105; People v. Simpson, 28 N. Y. 55; Deuel v. Rust, 24 Barb. 438; Hill v. Stocking, 6 Hill, 314. It has been held that the conventional

relation of landlord and tenant does not exist in the case of a contract of sale of real estate, where the purchaser makes default in payment, and, having possession, holds over after notice and demand; but that the relation must be established by a lease or demise of the property. Sloan, Landl. & Ten. 149; People v. Bigelow, 11 How. Prac. 84; Kenada v. Gardner, 3 Barb. 589; Dolittle v. Eddy, 7 Barb. 74; Burnett v. Scribner, 16 Barb. 621; Livingston v. Tanner, 14 N. Y. 64; Oakley v. Schoonmaker, 15 Wend. 226. It seems to me that under the contract in question the petitioner must resort to an action in ejectment or a foreclosure of the contract, in order to oust the vendees. Powers v. Ingraham, 3 Barb. 576. Motion to dismiss the proceedings is granted, but without costs.

Motion granted, without costs.