(35 Misc. Rep. 45.)

### SCHREIBER v. GOLDSMITH et al.

(Supreme Court, Appellate Term. April 29, 1901.)

1. LANDLORD AND TENANT—DEED BY LANDLORD—PROCEEDINGS TO REMOVE TENANTS—JURISDICTION OF THE MUNICIPAL COURT.

The fact that a landlord has conveyed the premises occupied by a tenant to the latter, subject to the life estate of the landlord, does not devest the municipal court of jurisdiction of a summary proceeding to remove the tenant, on the ground that the court has no equitable power to pass on the effect of the deed, since such deed is immaterial, as it does not prevent the existence of the relation of landlord and tenant, and a tenant cannot dispute the title of his landlord.

2. SAME—ESTABLISHMENT OF RELATION.

An oral agreement between a mother, who owns a house, and a daughter and her husband, by which the latter are to remain in the house, and board the mother, and keep the house in repair during the pleasure of the mother, does not create the relation of landlord and tenant, which will enable the mother to maintain summary proceedings to recover possession of the house.

Appeal from municipal court, borough of Manhattan, Seventh district.

Summary proceedings by Rosa Schreiber against Rachel Goldsmith and another for the removal of defendants from property occupied as tenants of the plaintiff. From an order of the municipal court of the city of New York dismissing the proceedings, the plaintiff appeals. Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Otto Horwitz, for appellant.
Epstein Bros., for respondents.

PER CURIAM. It would appear that the actual ground of the dismissal was the assumed inability of the justice to determine the rights of the parties without arrogating to himself equitable powers, for the purpose of giving effect to a deed made by the appellant to her daughter, the respondent Rachel Goldsmith. This deed purported to convey the premises in question, subject to a life estate in the grantor, but, as we view the case, the conveyance was not material to the issue presented to the justice for determination. The proceeding, if maintainable, was necessarily based upon the existence of the conventional relation of landlord and tenant. If the relation did exist, the respondents could not dispute their landlord's title, and the deed referred to certainly did not negative the appellant's power to

receive the respondents as tenants during her lifetime, under an agreement made with a view to their becoming such. Upon the evidence, however, we, must hold that the dismissal was proper; there being no sufficient proof that the relation of landlord and tenant existed, and the accuracy of the reasoning which led to the correct result is not a substantial question upon this appeal. According to the testimony of the appellant, the arrangement between the parties was that the respondents (her daughter and the latter's husband) should make the premises their home, and should take it upon themselves to board her (appellant), and make necessary repairs, this to continue during her pleasure. The respondents' evidence was to the effect that no such agreement was ever made, that they never agreed to board the appellant, and that they had taken up their abode in the house pursuant to the appellant's assurance that it should always be their home while they lived. Taking the appellant's evidence as proof of the facts, no case of tenancy was made out. In Matthews v. Matthews, 49 Hun, 346, 2 N. Y. Supp. 121, the nature of such an arrangement as this was considered, and it was held that the promise to board the owner (a relative) was not an agreement to pay rent, or to make return for use and occupation as upon a leasing, within the reasonable intention of the parties. The further point in that case, touching the promise of a conveyance or devise as additional consideration, does not afford a ground of distinction. It is quite apparent from the reasoning employed in the opinion that the nature of the occupancy and of the duties assumed by the alleged tenants afforded the main ground for the conclusion that there was no intention to create the relation of landlord and tenant.

The final order must be affirmed, with costs.