KLEINSTEIN v. GONSKY et al.

(Supreme Court, Appellate Division, Second Department.   October 12, 1909.)

1. Landlord and Tenant (§ 296*)—Dispossession—Summary Proceedings—Grounds—Covenant to Repair—Breach.
   Under Code Civ. Proc. § 2231, specifying the grounds on which summary proceedings for the dispossession of a tenant may be maintained, such proceedings cannot be·based on the tenant's breach of a covenant to repair.
   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 296.*]

2. Landlord and Tenant (§ 296*)—"Repossess"—"Dispossess."
   The word "repossess," as used in a covenant in a lease authorizing the landlord, on the tenant's breach of covenant, to re-enter the premises and repossess himself of the same, was not equivalent to "dispossess," as used in the statute providing for regaining possession of real property by summary proceedings.
   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 296.*
   For other definitions, see Words and Phrases, vol. 3, p. 2120.]

3. Courts (§ 23*) — Dispossession — Summary Proceedings—Jurisdiction—Consent.
   Jurisdiction to dispossess a tenant by summary proceedings, not conferred by statute, cannot be given by consent of parties.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 75–81; Dec. Dig. § 23.*]

4. Landlord and Tenant (§ 152*)—Covenant to Repair—Conditional Limitation.
   Where a tenant covenanted to make all repairs of every kind in and on the premises, and in case of default that the landlord might re-enter, a breach of the covenant was not a conditional limitation.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 538–557; Dec. Dig. § 152.*]

5. Landlord and Tenant (§ 296*)—Dispossess Proceedings—Grounds—Water Rents—Failure to Pay—"Taxes."
   Where water was delivered to leased premises through meters, the charge being determined by the quantity of water consumed, the water rate was not a tax, within Code Civ. Proc. § 2231, subd. 3 (Laws 1901, p. 211, c. 466, § 474), authorizing summary dispossess proceedings for a tenant's failure to perform a covenant to pay "taxes."
   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 296.*
   For other definitions, see Words and Phrases, vol. 8, pp. 6867–6886, 7813.]

Appeal from Municipal Court of New York.

Summary dispossess proceedings by Hyman Kleinstein against Dora Gonsky and others.   Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before JENKS, GAYNOR, BURR, RICH, and MILLER, JJ.

Isaac Miller, for appellant.
A. I. Nova, for respondents.

BURR, J.   The respondents are in possession of premises belonging to the appellant, as his tenants under a lease which contains a covenant that "all repairs of every kind, nature and description in and upon said premises   *   *   *   shall be done and complied with" by the said

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tenants, and a further covenant that "if default shall be made in any of the covenants herein contained, or in the prompt payment of the water bills that may become due upon said premises, then it shall be lawful for the said party of the first part" (the landlord) "to re-enter the said premises, the same to have again and to repossess himself of the same." Upon a petition setting forth a violation of the covenant to repair and a failure to pay water rents, the appellant asked for an order summarily removing his tenants from the possession of the said premises. The proceedings were dismissed, and from the final order of dismissal this appeal is taken.

The statute expressly specifies those cases in which a tenant of real property may be summarily removed therefrom. Code Civ. Proc. § 2231. The breach of a covenant to make repairs is not within either of the specifications, and will not authorize the proceedings any more than a covenant not to cut wood. Oakley v. Schoonmaker, 15 Wend. 226. The appellant contends that because the lease contains the language above quoted, that upon breach of said covenant the landlord may "re-enter the premises and repossess himself of the same," the parties have agreed that the fact of the breach of such covenant may be tried in summary proceedings. It would be extending the ordinary meaning of words to hold that the word "repossess" was equivalent to the word "dispossess," as used in the statute, and to base the right to maintain summary proceedings upon such construction. But, unless the statute gives jurisdiction, even consent of the parties would be ineffective to confer the same. Beach v. Nixon, 9 N. Y. 35.

The breach of a covenant to repair is not in the nature of a conditional limitation (Cramer v. Amberg [Com. Pl.] 4 N. Y. Supp. 613, affirmed 115 N. Y. 655, 21 N. E. 1119; Beach v. Nixon, supra), and the landlord cannot base his proceeding upon the claim that the lease has expired by reason of the breach of such covenant.

The cases of Baylies v. Ingram, 84 App. Div. 360, 82 N. Y. Supp. 891, affirmed 181 N. Y. 518, 73 N. E. 1119, Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203, and Pannuto v. Foglia, 55 Misc. Rep. 244, 105 N. Y. Supp. 495, cited by the appellant, have no application. Each of these was an action at law upon a covenant in the lease, and the question involved was whether the provisions of said covenant relative to a deficiency in the payment of the amount of rent reserved during the term covered thereby survived the termination of the tenancy by summary proceedings.

The water furnished to these premises was measured through meters, and the amount of the charge was determined by the quantity of water consumed. Under such circumstances a water rate is not to be deemed a tax, within the provisions of subdivision 3 of section 2231 of the Code of Civil Procedure (Laws 1901, p. 211, c. 466, § 474). Silkman v. Water Commissioners, 152 N. Y. 327, 46 N. E. 612, 37 L. R. A. 827.

The order appealed from should be affirmed, with costs and disbursements. All concur.