(83 Misc. Rep. 127.)

FIFTH AVENUE SHOP, Inc., v. FOX–STIEFEL CO.

(Supreme Court, Appellate Term, First Department. December 16, 1913.)

1. LANDLORD AND TENANT (§ 296*) — SUMMARY PROCEEDINGS — CONDITIONS PRECEDENT.

The right to maintain summary proceedings is dependent on the existence of the conventional relation between the parties of landlord and tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1272–1275, 1283; Dec. Dig. § 296.*]

2. LANDLORD AND TENANT (§ 296*) — SUMMARY PROCEEDINGS — CONDITIONS PRECEDENT.

A collateral agreement between an assignee of a lease and his assignor, which provides that the assignee shall be considered as the landlord and the assignor as the tenant, made at the time of the assignment, does not make the assignee a landlord, and he may not maintain summary proceedings against the assignor.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1272–1275, 1283; Dec. Dig. § 296.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Fifth Avenue Shop, Incorporated, against the Fox-Stiefel Company. From a final order awarding possession of the premises to plaintiff as landlord, defendant appeals. Reversed, and proceedings dismissed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

144 N.Y.S.—45

Jacoby, Scharps & Raffel, of New York City (Oswald N. Jacoby, of New York City, of counsel), for appellant.

Krakower & Peters, of New York City (Charles C. Peters, of New York City, of counsel), for respondent.

SEABURY, J. In 1903 Astor, Chandler, and others leased a building to one Korn for 21 years. In 1905 Korn leased to Billings & Sons a portion of the demised premises for the remainder of the term. In 1909 Billings & Sons leased the demised premises to Phillips, Stiefel & Fox. Phillips, Stiefel & Fox assigned their lease to the Fox-Stiefel Company. In July, 1913, the Fox-Stiefel Company assigned their lease to the Fifth Avenue Shop, Incorporated, for the remainder of the term from August 1, 1913, and at the same time the parties to this proceeding, the Fifth Avenue Shop, Incorporated, and Fox-Stiefel Company, entered into a collateral agreement wherein it was provided that after August 1, 1913, the Fifth Avenue Shop, Incorporated, should be considered as the landlord and the Fox-Stiefel Company the tenant. On August 1, 1913, the Fox-Stiefel Company refused to vacate the premises as required under the assignment of the lease which it had made and by the terms of the collateral agreement which had been entered into. Thereupon the Fifth Avenue Shop, Incorporated, instituted summary proceedings to remove the Fox-Stiefel Company as a hold-over tenant. On August 16, 1913, a final order was made in favor of the Fifth Avenue Shop, Incorporated, awarding it possession of the premises and directing that a warrant issue for the removal of the Fox-Stiefel Company, and directing that the Fifth Avenue Shop, Incorporated, be put into possession. The Fifth Avenue Shop is now in possession.

[1] The right to institute summary proceedings is dependent upon the existence of the conventional relation of landlord and tenant between the parties. The Fifth Avenue Shop, Incorporated, was not the landlord of the Fox-Stiefel Company; but, on the contrary, the Fox-Stiefel Company had assigned the lease to the Fifth Avenue Shop, Incorporated. Except for the collateral agreement entered into between the parties on July 19, 1913, it is clear that the conventional relation did not exist between the parties.

[2] The question to be determined, therefore, is whether the parties by this agreement could lawfully confer upon the Fifth Avenue Shop, Incorporated, the rights and remedies of a landlord, so that it might institute summary proceedings against its assignor. The jurisdiction of the court cannot be invoked on the strength of the collateral agreement of July 19, 1913. In the absence of this agreement there is no doubt that the Fifth Avenue Shop, Incorporated, could not maintain this proceeding.

It follows that the order appealed from should be reversed, with costs, and the proceedings dismissed, with costs, and the Fox-Stiefel Company restored to the possession of the premises, from which it was unlawfully dispossessed. All concur.