MARY BABCOCK, Landlord, *v.* JOHN H. DEAN and Another, Tenants.

County Court, Livingston County, July 13, 1931.

*Carolus J. McKay,* for the landlord.

*Donald M. Doran,* for the tenants.

WHEELER, J. The landlord instituted proceedings against the tenants, as the parties are therein nominated, to recover possession of real property by virtue of the provision of section 1410, subdivision 2, of the Civil Practice Act, by one claimed to be a landlord against tenants holding over after default in payment of rent after demand therefor.

Upon the return day of the precept the alleged tenants appeared and filed answer, setting forth a statement of new matter by way of defense which alleged that the tenants were in possession of the premises under an agreement to purchase and that the relation

existing was that of vendor and vendee and not that of landlord and tenant, and asked the dismissal of the proceedings.

Upon the trial it appeared that the petitioner on and prior to the 15th day of September, 1930, was the owner of the premises described in the petition; that the alleged tenants on the 15th day of September, 1930, agreed in writing to purchase the real estate in question for the sum of $2,500 and set forth therein the manner of the payments and contained the further provision that when $500 shall have been paid on the contract " the owner was to furnish warranty deed and purchaser is to give back a bond and mortgage for the balance due owner," and the term of such payments as the bond and mortgage were set forth.

The agreement to purchase contains this clause: " Property sold on landlord and tenant agreement, with 15 days default clause." This agreement was signed by the alleged tenants and the petitioner in writing accepted the offer.

Thereupon the alleged tenants entered into possession of the premises in question with the knowledge and permission of the landlord and solely by virtue of the written offer and acceptance referred to and continued such possession and made payments of the purchase price to the landlord. They defaulted, however, in making their payments under this contract and remained in possession after demand by the owner for possession and based upon these facts this proceeding was instituted.

To authorize such a proceeding under section 1410, subdivision 2, it was necessary for the petitioner to establish the relation of landlord and tenant between the parties. (*DeVita* v. *Pianisani*, 127 Misc. 611; *People ex rel. Ainslee* v. *Howlett*, 76 N. Y. 574; *Benjamin* v. *Benjamin*, 5 ·id. 383; *Schreiber* v. *Goldsmith*, 35 Misc. 45; *Dodin* v. *Dodin*, 32 id. 208; *Williams* v. *Alt*, 186 App. Div. 235; affd., 226 N. Y. 283; *Fifth Avenue Shop* v. *Fox-Stiefel Co.*, 83 Misc. 127.)

This proceeding being summary, it is necessary that the provisions of the statute should be strictly followed. (*Beach* v. *McGovern*, 41 App. Div. 381; *People ex rel. Allen* v. *Murray*, 2 Misc. 152; affd., 138 N. Y. 635; *Miner* v. *Burling*, 32 Barb. 540; *Fuchs* v. *Cohen*, 19 N. Y. Supp. 236.)

The relation of landlord and tenant is created by a lease or demise to which the landlord and tenant are parties and this constitutes the conventional relation between them. (*People ex rel. Mitchell* v. *Simpson*, 28 N. Y. 55, 57.) This agreement may be express or implied. (*Burkhart* v. *Tucker*, 27 Misc. 724.)

The written offer to purchase by· the alleged tenants and the

acceptance by the landlord, followed by the immediate possession on the part of the purchasers, and receiving payments on the purchase price by the vendor, created the relation of vendor and vendee. No citation of authority is necessary in support of this conclusion.

The conventional relation of landlord and tenant does not exist in the case of the contract of sale of real estate where the purchaser makes default in payment, and, having possession, holds over after notice and demand that relations must be established by a lease or demise of the property. (*People ex rel. Williams* v. *Bigelow*, 11 How. Pr. 84; *Kenada* v. *Gardner*, 3 Barb. 589; *Dolittle* v. *Eddy*, 7 id. 74; *Burnett* v. *Scribner*, 16 id. 621; *Livingston* v. *Tanner*, 14 N. Y. 64; *Oakley* v. *Schoonmaker*, 15 Wend. 226; *Burkhart* v. *Tucker*, 27 Misc. 724.)

The remedy of the owner of the premises is by way of ejectment or a foreclosure of the contract in order to secure possession.

The motion to dismiss the proceedings is granted, without costs.