NEW YORK TITLE AND MORTGAGE COMPANY, Petitioner, *v.* TILLIE R. GARSON, Tenant.

Municipal Court of New York, Borough of Queens, Fourth District, December 12, 1932.

*Meltz & Berkman* [*Samuel L. Meltz* of counsel], for the tenant.

*J. Earl Williams*, for the petitioner.

PETTE, J.   This summary proceeding instituted by the petitioner as assignee of the rents and as mortgagee in possession of Monument Towers, Inc., the owner, to dispossess one Tillie R. Garson from an apartment occupied by her at premises 166–05 Eighty-eighth avenue, Jamaica, N. Y., has been submitted to me for my determination and decision upon an agreed state of facts, as follows:

On or about the 27th day of April, 1928, the petitioner, the New York Title and Mortgage Company, became the owner and holder of a first mortgage covering the above-described premises, said mortgage being given to secure payment of the principal sum of $185,000 and duly recorded in the office of the register of the county of Queens on the 28th day of April, 1928, in liber 3349 of Mortgages, serial number 35959.

That said mortgage contains a provision, in substance, that in the event of a default in the payment of an installment in reduction of principal, interest or taxes, the rents of the mortgaged premises in the event of such default are assigned to the holder of the mortgage.

That thereafter and on or about the 28th day of April, 1931, Tillie R. Garson became and still is the owner and holder of a bond and mortgage executed by the owner of the mortgaged premises, Monument Towers, Inc., given to secure payment of the sum of $8,500 and interest, and at the same time said Tillie R. Garson also became the holder of an assignment of rents of said mortgaged premises from Monument Towers, Inc., the owner, which assignment of rents allowed said Tillie R. Garson to collect the rents of the mortgaged premises to discharge the mortgage indebtedness and other debts accruing upon said mortgaged premises, and that said Tillie R. Garson continued to collect rents until the 24th day of October, 1931.

That Tillie R. Garson became an occupant of a three-room apartment in the building covered by the aforesaid mortgages after the execution and delivery of the above-mentioned mortgage by Monument Towers, Inc., to New York Title and Mortgage Company, and also at the time of the execution and delivery of the assignment to her of the rent of said premises by Monument Towers, Inc., was an occupant thereof and has been continuously in possession of that apartment since that time, but has not paid any rent to either the owner or its assignee hereinafter referred to.

That on or about October 24, 1931, said Tillie R. Garson agreed with Monument Towers, Inc., to permit her assignment of rents to lapse in consideration of, and under an agreement with said Monu-

ment Towers, Inc., that she should have the right to continue to occupy said three-room apartment, and in lieu of payment of rent to credit on account of the indebtedness due her from Monument Towers, Inc., a sum equivalent to the reasonable monthly rental thereof, to wit, the sum of $50 per month, until the aforesaid indebtedness, which has not yet been discharged, has been fully paid.

That thereafter and on or about the 30th day of November, 1931, Monument Towers, Inc., executed to New York Title and Mortgage Company an assignment of rents with certain powers therein granted, which assignment is submitted to me for my examination and construction.

That the New York Title and Mortgage Company since the execution and delivery to it of said assignment of rents from Monument Towers, Inc., and pursuant thereto has been in possession of the mortgaged premises and collected the rents thereunder.

That at the time of the execution and delivery of said agreement, the owner, Monument Towers, Inc., had defaulted in the payment of the interest due on the mortgage given to New York Title and Mortgage Company and had also defaulted in the payment of real estate taxes affecting the premises for the second half of the year 1930 and the full year of 1931.

Subsequent to the submission, counsel stipulated in writing that all statutory provisions and limitation relating to the time in which a decision must be rendered are waived.

The assignment of rents specifically carries with it the right to maintain summary proceedings. (Assignment of rents, p. 4.) Since the assignment is merely as security and not absolute, the assignee is in fact the agent of the owner, holding the rents as trustee for him. (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285.) The agent of the owner is entitled to maintain summary proceedings. (Civ. Prac. Act, § 1414, subd. 6.)

It requires no citation of authority that the agent has no greater power than that possessed by the principal. But in addition to that premise is the rule of law which has become axiomatic, viz., that in the absence of an estoppel every assignment is subject to the equities existing between the original parties, in this case, between the owner and the tenant.

The lease between the owner and the tenant is of course subject to the mortgage held by the "landlord" in this proceeding. But that does not render it invalid. It can be "wiped out" only by foreclosure or agreement with the tenant.

The commencement of a foreclosure does not affect the existing subordinate tenancies. They continue in full force and effect.

Even the entry of the judgment of foreclosure does not terminate them. Not until the premises have actually been sold under the foreclosure sale is the liability of the tenant for rent terminated. (*Metropolitan Life Ins. Co.* v. *Childs, supra.*) Certainly, if the tenant remains liable for rent until that time he is entitled to remain in possession under his lease until that time.

I have thus assumed that the assignee of rents stands in the same position as does a receiver of rents appointed in a foreclosure proceeding. This may be true in some respects, but it does not so hold throughout; however, such distinction will be ignored as unnecessary to the decision herein.

The " lease " between the owner and the tenant would be binding even upon a receiver of rents in foreclosure.

In *Prudence Co.* v. *160 West Seventy-third Street Corporation* (235 App. Div. 543; affd., 260 N. Y. 205) the facts were as follows: The owners of co-operative apartments under their agreement with the record owner paid monthly a proportionate portion of the estimated operating charges as rent. A receiver was appointed in a foreclosure of the first mortgage. He applied to the court for an order fixing the reasonable rental value of the respective apartments claiming that the payments as fixed and agreed with the owner were less than the reasonable rental. The court held that the receiver was concluded by the agreement between the owner and the tenants, and that the latter could not be compelled to pay a greater sum to the receiver.

I feel constrained to follow the holding by the Court of Appeals in the *Prudence* case which definitely settles the question in issue here. I have examined with a great deal of care and consideration the exhaustive and learned brief of the petitioner, but in view of my conclusions herein, and particularly because of the latest word as enunciated by the Court of Appeals in the *Prudence* case, I am compelled to grant judgment to the tenant dismissing the petition herein, on the ground that it does not affirmatively appear that the tenant has failed to pay the agreed rental in the manner provided.