LAWYERS TITLE AND GUARANTY COMPANY, Landlord, *v.* MARCUS TAUSIG, Tenant.

Municipal Court of New York; Borough of Brooklyn, Sixth District, December 4, 1933.

*Lewis F. X. Cotignola*, for the landlord.

*Philip F. Wexner*, for the tenant.

SWEEDLER, J. The Lawyers Title and Guaranty Company, as alleged landlord, seeks to dispossess the owner of a two-family dwelling house for the non-payment of "rent." The facts disclose that on April 29, 1933, the owner, sued herein as "Tenant," defaulted in the payment of principal and interest due on a mortgage held by the petitioning "Landlord" against the said property. To induce forbearance of a foreclosure the parties entered into a contract by the terms of which the owner assigned the rents of the premises and also surrendered possession. This contract contains the usual clause designating the mortgagee as the owner's "attorney in fact," "with full power and authority to enter into and take possession of said premises," and to rent the same "on behalf of" the owner. The rents collected were to be applied toward specified purposes, and it was agreed that the mortgagee "shall be liable to account for moneys actually received by it under this management." Simultaneously with the execution of this contract the parties also executed a formal lease wherein the owner is described as the "Tenant" and the mortgagee as the "Landlord." By the terms of this lease the owner undertook to pay seventy-five dollars per month as "rent," and also covenanted that his possession shall be subject and subordinate to the rights of the "landlord" as mortgagee in possession. The owner paid the designated "rental" for a period of three months and then defaulted. Whereupon, this proceeding was brought.

There is no support for the petitioner's position in any of the authorities relied upon. In fact, an analysis of the cases leads to a contrary result. As a basis for subsequent discussion, it is necessary to note that summary proceedings are barred to any one who is not a "landlord or lessor" in the strict sense of that term. At the very outset the petitioner must establish the existence of a *conventional* landlord and tenant relationship. (*Evertson* v. *Sutton*, 5 Wend. 281; *Roach* v. *Cosine*, 9 id. 227; *People ex rel. Mitchell* v. *Simpson*, 28 N. Y. 55; *Matter of Norton* v. *Norton*, 212 App. Div. 845; *De Vita* v. *Pianisani*, 127 Misc. 611; *Reich* v. *Crawford*, 141 id. 201.) True it is that the Civil Practice Act permits the remedy in certain cases where the conventional relation does not exist, such as in favor of an owner against a squatter (§ 1411), or by one forcibly put out or kept out of lawful possession (§§ 1412, 1414), nevertheless where the dispossess is sought because of default in the payment of rent or the expiration of the occupant's term, the *technical* relation of landlord and tenant is a jurisdictional pre-

requisite. (*Kleinstein* v. *Gonsky*, 134 App. Div. 266; *Sackman* v. *Tuckman*, 141 Misc. 166, and cases cited *supra.*) The mere right to possession, no matter how conclusive, is insufficient. Thus, where a person enters into possession under a contract of purchase and holds over after default in the performance of the contract, though thereby he loses his right to possession, the vendor may not oust him by way of summary proceedings. (*Babcock* v. *Dean*, 140 Misc. 800; *Matter of Norton* v. *Norton, supra; Burkhart* v. *Tucker*, 27 Misc. 724.) Likewise, an assignor of a term cannot invoke that remedy against an assignee, even though by agreement the latter is no longer entitled to possession (*People ex rel. Mitchell* v. *Simpson, supra*), and the same is true where the assignor wrongfully retains possession in violation of his contract of assignment. (*Fifth Avenue Shop, Inc.,* v. *Fox-Stiefel Co.,* 83 Misc. 127.) In accordance with these decisions, a mortgagor, though retaining possession by agreement, is not a tenant of the mortgagee, in such a sense as to authorize summary proceedings. (*Evertson* v. *Sutton, supra; Roach* v. *Cosine, supra; Willis* v. *Eastern Trust Co.,* 169 U. S. 295; 2 Tiffany Landl. & Ten. § 273.)

The landlord herein, however, urges that it has greater rights than a mortgagee. It predicates its contention upon the assignment of rents, by virtue of which it was made a mortgagee in possession, and upon the formal lease executed by the mortgagor. Before considering the effect of the alleged lease, it is of importance to note that, in so far as maintaining summary proceedings against the *mortgagor* is concerned, the petitioner's rights were not increased by becoming a mortgagee in possession. It is true that as such it could invoke the remedy as against a *tenant of the mortgagor.* (*Goodnow* v. *Pope*, 31 Misc. 475.) The permission of that authority, however, exists not because the mortgagee is a landlord or lessor, but because it acts as *agent* for the mortgagor. (*New York Title & Mortgage Co.* v. *Garson*, 146 Misc. 582, 584.) Indeed, the very situation of a mortgagee in possession carries with it not only the right but also the duty to collect the rents and to use all lawful processes for that purpose *on behalf of the mortgagor.* (*Goodnow* v. *Pope, supra.*) Ultimately, he must account to the mortgagor. (*Hubbell* v. *Moulson*, 53 N. Y. 225, 228.) To permit summary proceedings under these circumstances would produce a situation of an agent ousting his principal. There is no authority for such a result. Even a receiver in foreclosure, who is an officer of the court, cannot dispossess the mortgagor for non-payment of rent. (*Skinner* v. *Chanin*, N. Y. L. J. Nov. 16, 1933, Sup. Ct., Cuff, J.; *Reich* v. *Crawford*, 141 Misc. 201.) The reason is quite apparent. It is

simply that the occupant is not in possession by virtue of the *conventional* relation of landlord and tenant.

From what has been said it follows that, except for the alleged lease, the petitioner herein has no authority to maintain summary proceedings against the owner. The remaining question, therefore, is whether the parties could lawfully confer that right upon the mortgagee by this collateral agreement which has all the outward characteristics of a formal lease. The Civil Practice Act permits this proceeding by a " landlord or lessor of the demised premises " (§ 1414, subd. 1). It being summary, it is necessary that the provisions of the statute be strictly construed. (*Babcock* v. *Dean, supra,* p. 801.) If *in fact* the petitioner is not a " landlord or lessor " the proceeding must be dismissed. (*Roach* v. *Cosine, supra; Fifth Avenue Shop, Inc.,* v. *Fox-Stiefel, supra; De Vita* v. *Pianisani, supra.*) For the parties cannot by agreement confer jurisdiction in summary proceedings where none exists by statute. (*Beach* v. *Nixon,* 9 N. Y. 35; *Kleinstein* v. *Gonsky, supra.*)

Thus, we must determine the true nature of the alleged lease. In *People ex rel. Mitchell* v. *Simpson* (*supra*) the Court of Appeals states (at p. 57): " The relation of landlord and tenant is created by a lease, or demise, to which the landlord and tenant are parties, and this constitutes the conventional relation between them." Applying this test, the court is not to be misled by the mere manipulation of words. A simple contract debt, cloaking itself in the garb of a lease, will not be accepted as a basis for granting summary proceedings. It has been held that in summary proceedings by one claimed to be a landlord, the alleged tenant may show that the lease is in fact a mortgage given to secure the repayment of a loan. (*People ex rel. Ainslie* v. *Howlett,* 76 N. Y. 574, affg. 13 Hun, 138.) (See, also, *Reich* v. *Cochran,* 151 N. Y. 122.)

It is elementary that by making a lease an interest in realty is transferred. Its true signification is well stated by Blackstone (2 Black. Comm. 317) as *"properly a conveyance* of any lands or tenements * * * but *always for a less time than the lessor hath* in the premises." What interest did the petitioner herein have when it made the lease? Out of what estate could it grant a lesser estate? As mortgagee, it merely had a chose in action secured by a lien upon the premises. (*Packer* v. *Rochester, etc., R. R. Co.,* 17 N. Y. 283; *Barson* v. *Mulligan,* 191 id. 306, 315.) Its relation to the owner was merely that of debtor and creditor. That relationship was not changed by the mortgagee going into possession. (Thomas Mort. [3d ed.] 206.) As pointed out by EARL, J., in *Trimm* v. *Marsh* (54 N. Y. 599): " How can the mere possession change the title from the mortgagor to the mortgagee, or in any way

diminish the estate of the one or enlarge the estate of the other? * * * The mortgagor's title is still a legal one * * * and *the mortgagee's interest is still a mere debt* secured by the pledge." It is quite apparent, therefore, that the petitioner, even though it was a mortgagee in possession, had no interest out of which it could grant a lesser estate. The alleged lease is nothing more than a simple contract for the payment of money characterized as a lease. The mere fact that the money to be paid is described as " rent " is of no significance. As stated in Halsbury's Laws of England (Vol. 18, p. 468): " If it [rent] is reserved to a stranger, it is not a true rent and cannot be distrained for." (Quoted with approval in *Sullivan* v. *Rosson*, 223 N. Y. 217, 222.)

Thus, whatever other remedies the petitioner might have, it is clear that, since the conventional relation of landlord and tenant does not in fact exist, it cannot invoke the aid of summary proceedings. Petition dismissed, and judgment for tenant. Settle final order on notice.