THE PRESIDENT AND DIRECTORS OF MANHATTAN COMPANY, as Assignee of Rents in Possession and as Landlord, Plaintiff, *v.* BENJAMIN NIEBERG, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, October 27, 1936.

*Pomerance & Snitow* and *Charles Snitow,* for the plaintiff.

*Nathan Grossman,* for the defendant.

WHALEN, J. This is a summary proceeding in which the President and Directors of the Manhattan Company, as assignee of rents in possession, as landlord, seek to recover possession of a certain apartment from Benjamin Nieberg, as tenant. The defense set up by the tenant is that there is no jurisdiction of the proceeding because the alleged landlord has failed to prove the existence of the conventional relationship of landlord and tenant between the parties.

The facts are as follows: The apartment building was constructed by the B & C Nieberg Realty Company, a corporation controlled by Benjamin Nieberg, apparently in 1928. Title was taken in the name of Central Manhattan Construction Corporation. Since the organization of the Central Manhattan Construction Corporation, Benjamin Nieberg has been the president and treasurer thereof and his son Charles Nieberg has been the secretary. Benjamin Nieberg owns ninety per cent of the stock and Charles Nieberg owns ten per cent. In 1929 or 1930 Benjamin Nieberg moved into apartment 2-C in the premises in question, No. 85 Fairview avenue, and has lived there with his wife ever since. On January 30, 1932, the Central Manhattan Construction Corporation executed an assignment of rents with the right of possession to the Prudence Company, Inc., holder of a first mortgage on the building, its successors and assigns. On May 14, 1936, the said written assignment was transferred to the Bank of the Manhattan Company, which has taken possession of the premises and has been collecting the rents and operating the property ever since. On or about August 13, 1936, the Bank of the Manhattan Company served upon Benjamin Nieberg a thirty-day notice purporting to terminate his tenancy of apartment 2-C on September 30, 1936. The landlord maintains that under the circumstances above set forth Benjamin Nieberg was a tenant at will of the Central Manhattan Construction Corporation. There is no evidence of any express agreement between the corporation and Benjamin Nieberg as to the terms under which he was to occupy his apartment. No rent has ever been paid and there has been no outward manifestation of any landlord and tenant

relationship except the fact that the apartment house is owned by the Central Manhattan Construction Corporation and this particular apartment has been occupied since 1929 continuously by Benjamin Nieberg and his wife. Nieberg testified that in addition to residing in the apartment he also uses it as an office for the owner, the Central Manhattan Construction Corporation, and keeps its books there.

The reported cases abound in statements that no summary proceeding to dispossess a tenant under the statute and no action for rent or for use and occupation may be brought by a landlord against a tenant unless it is made to appear that the conventional relationship of landlord and tenant exists. (*Benjamin* v. *Benjamin*, 5 N. Y. 383, 385; *People ex rel. Mitchell* v. *Simpson*, 28 id. 55; *People ex rel. Ainslee* v. *Howlett*, 76 id. 574; *Preston* v. *Hawley*, 101 id. 586.)

The word " conventional " means by agreement of the parties and not by operation of law. (*De Vita* v. *Pianisani*, 127 Misc. 611.) It has been stated that the agreement showing the conventional relationship may be express or implied. (*De Vita* v. *Pianisani, supra; Burkhart* v. *Tucker*, 27 Misc. 724; 2 Thompson, Real Property, §§ 962, 963; McAdam, Landlord and Tenant [5th ed.], p. 97, § 30; 2 Cowen, Treatise on Justices of the Peace [6th ed.], § 1761; *Post* v. *Post*, 14 Barb. 253; *Sarsfield* v. *Healy*, 50 id. 245.) The question in this case then is whether or not the circumstances are such as to justify an inference that an implied conventional relationship of landlord and tenant arose between the Central Manhattan Construction Corporation and Benjamin Nieberg by reason of his entry into and occupation of this apartment. Of course, no express agreement has been shown. It would not be likely that Benjamin Nieberg, as president of the corporation, owner, would have any express agreement either in writing or orally with Benjamin Nieberg, the individual. It is not easy to distinguish between an implied conventional relationship of landlord and tenant and a relationship of landlord and tenant created by operation of law; in fact in *Commonwealth Mortgage Co.* v. *De Waltoff* (135 App. Div. 33, at p. 35) the Appellate Division in the First Department used this language: " But the purchaser, succeeding to all the title and rights of the original landlord, becomes the landlord by operation of law, with all the rights and remedies of the original landlord. The conventional relation of landlord and tenant is thus created, and a sufficient foundation exists for the institution of summary proceedings for the recovery of possession if the tenant refuses to abide by the covenants of his lease."

The tenant named here cites a number of cases in which it was held that no conventional relationship of landlord and tenant had been shown, but upon careful analysis it will appear that in all those cases there was an element of circumstance antagonistic to the idea of the relationship of landlord and tenant, such as a vendor and vendee relationship (*Preston* v. *Hawley,* 101 N. Y. 586; *Burkhart* v. *Tucker,* 27 Misc. 724; *Babcock* v. *Dean,* 140 id. 800; *Norton* v. *Norton,* 212 App. Div. 845), or a situation where there was an agreement to board or a family relationship not giving rise to the implication of a landlord and tenant relationship, such as *Schreiber* v. *Goldsmith* (35 Misc. 45); *Dodin* v. *Dodin* (32 id. 208); *Lamb* v. *Lamb* (146 N. Y. 317); *Collyer* v. *Collyer* (113 id. 442), or cases where there was claim of title by the tenant and adverse possession, such as *Benjamin* v. *Benjamin* (5 N. Y. 383), or cases where it was claimed that a lease had been given to cover a usurious loan and it was alleged that the ostensible tenant was really the owner, such as *People ex rel. Ainslee* v. *Howlett* (76 N. Y. 574), or cases between a transferor and a transferee of a lease, such as *Fifth Avenue Shop* v. *Fox-Stiefel* (83 Misc. 127).

On the other hand, the landlord herein cites a case which seems closer in point. (*Peer* v. *O'Leary,* 8 Misc. 350.) This was a summary proceeding by a landlord to recover possession of property occupied by a tenant. It appeared that the landlord had allowed the tenant to occupy a portion of his house after the tenant's house had burned. No agreement was made as to the length of the term or as to the payment of any rent. The Municipal Court dismissed the petition. The General Term of the Superior Court reversed and held that the circumstances spelled out a tenancy at will, citing *Post* v. *Post* (14 Barb. 253, 255) and *Sarsfield* v. *Healy* (50 Barb. 245). In that case no express agreement whatever was shown, merely a permission to occupy the premises. It is not necessary to show any agreement to pay rent to prove the conventional relationship of landlord and tenant. (*Peer* v. *O'Leary, supra; Burns* v. *Bryant,* 31 N. Y. 453; *Larned* v. *Hudson,* 60 id. 102.)

It is settled that an assignee of rents with the right to possession may not dispossess the owner of the premises. (*Lawyers Title & Guaranty Co.* v. *Tausig,* 149 Misc. 594, and the cases therein cited.) If the corporation owner were the tenant in this proceeding, the petition would have to be dismissed, but the landlord is not seeking to dispossess the owner, he is seeking to dispossess a tenant of the owner. It is true that this is a very close corporation with all the stock held by Benjamin Nieberg and his son. Nevertheless the corporation is a distinct entity, and, while it is true that the courts in order to prevent fraud will sometimes pierce the veil of

the corporate entity, there appears to be no reason in this case to invoke such a doctrine. The tenant herein cannot cover himself with the mantle of the corporation at one time and discard it at another time to suit his own convenience. The tenant is very meager in his testimony with respect to the purposes for which the apartment is used by the corporation; in fact in 1932 the corporation gave another address as its place of business on the assignment to the Prudence Company.

I am satisfied upon all the evidence in the case that there arose between the owner and Benjamin Nieberg an implied conventional relationship of landlord and tenant and that the tenancy was one at will. That is the only reasonable inference that can be drawn from the testimony. No relationship between the owner and Benjamin Nieberg has been shown that would be antagonistic to such an idea. Under section 1410 of the Civil Practice Act a tenant at will may be removed in summary proceedings after the termination of his tenancy. The thirty-day notice given by the landlord, in my opinion, properly terminated the tenancy. I hold, therefore, that the tenant Benjamin Nieberg is occupying the apartment in question as a tenant at will and that the power to control that tenancy has been transferred by the owner to the landlord in this proceeding and that the tenancy has been properly terminated. The landlord is, therefore, entitled to a final order. Stay until February twenty-eighth on consent.