Thomas R. Hadaway,
J. This is a proceeding to recover possession of real property under article 7 of the Real Property Actions and Proceedings Law.
The petition alleges that the petitioner and respondents, on June 25, 1968, entered into a contract for the sale of real property, providing for possession of the real property, by the purchasers, and the payment of the purchase price in monthly installments of $152 each. The contract also contained a provision that, upon default, by the purchasers, in any of the terms or provisions of the contract, for 30 days, then the purchasers shall become the tenants of the seller, from month to month, at a monthly rental of $200. The petitioner further alleges a default in the making of the installment payment of $152 due December 1, 1970, its election to treat the purchasers as tenants on and after January 1,1971, and the failure of the respondents to pay the rental, in such case, as provided in the contract.
The respondents have interposed an answer, denying the material allegations, as to nonpayment, in the petition, and claiming, as a separate defense, that the respondents had exercised their right, under the contract, to purchase the premises in question, title to close in January of 1971, but that a question had arisen as to the water supply for said premises, which had prevented the closing of title and delivery of a deed.
Section 743 of the Real Property Actions and Proceedings Law permits a respondent, in a proceeding of this nature, to assert, in his answer, any legal or equitable defense or counterclaim which he has to the same, and, under section 731, he may be precluded from asserting the same, in any other proceeding or actions, if he does not do so.
Courts of limited jurisdiction have the power to hear and determine equitable defenses in a proceeding such as this. (Makas v. Makas, 53 N. Y. S. 2d 375; Roedmann v. Hertel, 78 Misc. 55; Magnotta v. Parkway Fleetwood Bldg., Til App. Div. 896.)
*982 This is not the usual case for the removal of a tenant who fails to pay rent under a lease. If the relationship of landlord and tenant exists, at all, it is because of the special provision above referred to, in the contract which the respondents had for the purchase of the real property, possession of which is sought to be recovered in this proceeding.
The courts, on innumerable occasions, have held that the proper remedy, in such case, is by ejectment or a foreclosure of the contract to secure possession. (Burkhart v. Tucker, 27 Misc. 724; Babcock v. Dean, 140 Misc. 800, and cases therein cited; Lawyers Tit. & Guar. Co. v. Tausig, 149 Misc. 594.)
Furthermore, it has been held that the parties cannot, by agreement, confer jurisdiction in summary proceedings where none exists by statute. (Lawyers Tit. & Guar. Co. v. Tausig, supra; Beach v. Nixon, 9 N. Y. 35; Kleinstein v. Gonsky, 134 App. Div. 266.)
Subdivision 9 of section 713 of the Real Property Actions and Proceedings Law permits a special proceeding to be maintained, under article 7 against a vendee, in default, under a contract of sale, the performance of which is to be completed within 90 days after its execution, thus implying that the proceeding will not lie against a vendee in default under a long-term installment contract such as we would seem to have here. (See 1956 N. Y. State Legis. Annual, p. 34.)
Petition dismissed.