*79 OPINION OF THE COURT
Franklin T. Russell, J.
Plaintiff brings this action pursuant to RPAPL article 7 to recover possession of premises in the Town of Arcadia, County of Wayne, and seeking $9,625 in unpaid rent. The matter came on to be heard in the Town of Arcadia Justice Court on January 21, 1994.
Plaintiff filed with this court a notice of petition and petition to recover possesson of real property alleging the nonpayment of rent for the period of March 1993 through January 1994. Submitted therewith was the alleged rental agreement between the parties. In pertinent part, the agreement provides "that I perform all conditions as outlined in the Land Contract and Promissory note signed and dated July 26, 1991, in a timely manner, said contract is incorporated herein but does not merge herewith.”
Counsel for plaintiff acknowledges that to recover under a land contract, RPAPL article 7 is inappropriate and this court would not have jurisdiction. (See, Bean v Walker, 95 AD2d 70; Orange County Dev. Corp. v Perez, 67 Misc 2d 980.) Plaintiff contends, though, that because the agreement, as hereinbefore mentioned, contained a provision whereby a quitclaim deed executed by defendant and held in escrow by plaintiff’s counsel, would not be filed if the payments were made pursuant thereto, and that said quitclaim deed is being recorded this date, that a RPAPL article 7 proceeding is appropriate to regain possession of the premises and seek the unpaid monies.
This court cannot agree that it has jurisdiction to resolve this matter as presented. While plaintiff may have obviated the necessity of bringing an action to terminate defendant’s equitable interest by foreclosure, alleging defendant had released his equitable interest by the quitclaim deed, such does not convert the real property interest under the land contract to a landlord-tenant relationship. In the court’s eyes, plaintiff has brought a summary proceeding under the terms of a land contract, which plaintiff may not do.
It is this court’s opinion that plaintiff must either proceed under the land contract to foreclose defendant’s equitable interest, if any, in the superior court or, if plaintiff determines that defendant’s equitable interest has been terminated by the delivery of the quitcliam deed to plaintiff, proceed on the basis *80 that defendant becomes a tenant at will, if such a new agreement has been entered into, or is intruding upon the premises after permission has been revoked and notice of the revocation has been given to defendant.
The proceeding before this court is dismissed.