OPINION OF THE COURT
Barbara Gunther Zambelli, J.
The question presented in this holdover proceeding is whether a landlord-tenant relationship is created by the terms *311 of an installment contract for the sale of real property. This issue is raised in respondent’s motion for summary judgment.
According to respondent, in 1980, Julian King executed the installment contract herein with petitioner for the purchase of real property located at 223 South Sixth Avenue in Mount Vernon. Under paragraphs 4, 5, and 6 of the contract, the sale price of the property is $30,000, with a down payment of $2,500. The balance is payable in 360 equal monthly installments of $272.34 which includes principal and interest at the rate of 11.5% plus additional payments for taxes, assessments and insurance. The deed to the property is to be delivered upon full payment of the outstanding balance.
In 1983, Julian King assigned the contract to respondent. In 1990, respondent stopped making the monthly payments. A prior holdover proceeding was brought in this court but dismissed on the grounds of insufficiency of the pleadings.
Petitioner, Administrator of Veterans Affairs, bases the instant proceeding on respondent’s holding over after a default in paying the installments under the contract. Petitioner relies on paragraph 23 of the contract to establish a landlord-tenant relationship justifying a summary proceeding. Paragraph 23 states in relevant part:
"[i]t is expressly agreed, in consideration of the Buyer occupying said premises before the delivery of a deed conveying the title thereto, that such possession shall be that of a tenant from month to month, and that a relationship of landlord and tenant hereby hires and takes from the landlord, said premises as such tenant to begin from the date of such occupancy, until the termination thereof. Upon such termination the right of possession by the tenant shall cease. Upon such tenancy being created, the monthly rent for the premises shall be the same amount as is provided to be paid monthly in paragraphs 4, 5, and 6 of this Agreement, together with an amount equal to 1/12 of the annual charge for taxes, assessments, insurance premiums and other items payable under this Agreement, and the tenant agrees to make payment of such rent at the time and in the manner provided for therein.
"Upon any failure, neglect, refusal, default or omission of the tenant to comply with any of the terms, covenants, agreements or conditions hereof upon the part of the tenant to be complied with or performed, the landlord may reenter the premises and remove all persons or property therefrom either by summary proceedings, as provided for in the Real Property Actions and Proceedings Law.”
*312 Respondent states in his affidavit that he never occupied the premises, therefore, he argues that a landlord-tenant relationship was not created under paragraph 23. Respondent maintains that petitioner’s status is that of a holder of an equitable mortgage. Therefore, he argues, petitioner’s sole remedy is a foreclosure proceeding. In reply, petitioner has not submitted an affidavit by one having personal knowledge of the facts.
If a purchaser of real property is permitted or given the right to take possession thereof prior to the conveyance of title, the conventional relation of landlord and tenant between him and the vendor is not thereby created. A summary proceeding is available to dispossess a purchaser who retains possession after his default only if expressly authorized by statute (14 Carmody-Wait 2d, NY Prac § 90:135). Parties cannot by agreement confer jurisdiction in summary proceedings where none exists by statute (Orange County Dev. Corp. v Perez, 67 Misc 2d 980).
Even though the contract labels their relationship as landlord-tenant and the installments as rent, this relationship is one of contract vendor and vendee. The purpose of this agreement is the sale of real property with the vendor retaining title until the purchase price is paid in full. Under RPAPL 713 (9) a summary proceeding may lie against a contract vendee in possession if the performance of the contract of sale is to be completed within 90 days after its execution. Section 713 does not apply to this case because the contract contemplates completion in 30 years. Consequently, the issue of possession need not be resolved by the court. Since this contract does not fall within the terms of section 713, this summary proceeding does not lie.
Accordingly, the petition is dismissed.